## HOYT et al. v. FIXICO.

No. 9639—Opinion Filed Oct. 8, 1918.

(175 Pac. 517.)

(Syllabus.)

1. **Indians—Oil and Gas Lease — Approval —Validity — "Conveyance of Interest in Land."**

An oil and gas mining lease executed February 11, 1915, by a full-blood heir of a deceased Creek Indian allottee, is a "conveyance of an interest" in said lands, and is void unless approved as required by section 9, Act Cong. May 27. 1908, c. 199, 35 Stat. 315.

2. **Guardian and Ward—Oil and Gas Lease —Approval—Validity.**

An oil and gas mining lease of such land executed by a guardian of a minor full-blood heir of such deceased allottee, on March 2, 1912, for a period of years extending beyond the minority of his ward, which lease was duly approved, is valid.

Error from District Court, Creek County; Ernest B. Hughes. Judge.

Action to quiet title by E. W. Kimbley, as guardian of Katie Fixico, against E. H. Hoyt and H. R. Denton and others. Judgment for plaintiff, and defendants named bring error. Affirmed.

William M. Matthews, for plaintiffs in error.

Joseph C. Stone, Charles A. Moon, Francis Stewart, Carroll & Mason, C. H. Rosenstein, E. Nat. Ligon, Chas. R. Bostick, and W. C. Franklin, for defendant in error.

HARDY, J. E. W. Kibley, as guardian of Katie Fixico, a full-blood Creek Indian, instituted this action against E. H. Hoyt and H. R. Denton, the Carpathia Petroleum Company, and the Mid-Co Petroleum Company, to quiet her title to certain lands which she had inherited from her brother,

Benoche Fixico. By an amended petition she prayed that the right and title of the Carpathia Petroleum Company and the Mid-Co Petroleum Company be quieted in them respectively. Judgment was for plaintiff, and Hoyt and Denton prosecute error.

On March 2, 1912, William P. Morton, as guardian of Katie Fixico, executed an oil and gas mining lease upon a departmental form to H. U. Bartlett, which lease was approved by the county court and also by the Secretary of the Interior. By various assignments this lease passed to the Carpathia Petroleum Company, which corporation assigned a one-half interest therein to the Mid-Co Petroleum Company. On February 11, 1915, after reaching her majority, Katie executed a bill of sale to Walter W. Morton, a brother of William P. Morton, which purported to convey to him all of the oil and gas rights of the plaintiff in and to said lands and all of plaintiff's royalty interest accruing and to accrue from the operation of said lands for oil and gas purposes for a consideration of $22,500, $4,000 of which was deposited in the First National Bank of Okmulgee, to be paid out on Katie's checks when O. K.'d by Morton; the remainder to be paid out of 60 per cent. of the proceeds of the plaintiff's oil and gas when run. On the same day Katie executed a warranty deed to said Walter W. Morton, purporting to convey all her land for the consideration named in the bill of sale and for $500 additional, and on the same date executed an oil and gas mining lease to H. R. Denton and assigns. March 1, 1915, Denton conveyed an undivided one-half interest in said lease to E. H. Hoyt.

It is conceded that, if the lease under which Denton and Hoyt claim be invalid, the judgment should be affirmed. Section 9, Act of Congress May 27, 1908, c. 199, 35 Stat. 315, provides:

"That the death of an allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: Provided, that no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee."

If the oil and gas lease under which Denton and Hoyt claimed comes within the provisions of this section, then a failure to secure the approval thereof as required thereby would prevent it from having any validity or binding force. In Eldred et al. v. Okmulgee Loan & Trust Co., 22 Okla. 742, 98 Pac. 929, this court in construing a provision in the act of April 21, 1904, removing

restrictions upon the alienation of lands of all allottees of the Five Civilized Tribes who were not of Indian blood except minors and except as to homesteads, held that a lease conveyed a leasehold estate and was an alienation by deed and an alienation within the intent and meaning of the act. The Circuit Court of Appeals for the Eighth Circuit, in the case of Parker et al. v. Riley, 243 Fed. 42, 155 C. C. A. 572, had occasion to construe the Act of May 27, 1908, with reference to an oil and gas mining lease, and reached the conclusion that a lease of a restricted homestead for oil and gas or other mining purposes, under section 2 of said act, was an alienation of that part of the land constituting the homestead which the lease permits the lessee to take from it by the discovery and removal thereunder of the oil and gas and other minerals therein. To construe section 9 as authorizing full-blood Indian heirs to lease inherited lands for oil and gas mining purposes without approval, and thereby divest the full-blood Indian of the greater part of his estate without the protection of the governmental supervising agency, would defeat the purpose and intention of Congress, for many full-blood heirs would thus be enabled to dispose of their most valuable property rights without the protection which the government intended they should have. While, strictly speaking, an oil and gas mining lease does not convey an estate in the realty prior to development of the leased premises, it operates to pass the immediate and exclusive right of possession of the land for the purposes named in the lease, and, upon discovery of oil and gas or either of them, the lessee acquires a vested right to extract and remove from the premises and apply to his own use the oil and gas found therein (Brennan v. Hunter, 68 Okla. 112, 179 Pac. 49) and such a lease is an alienation of that part of the land which the lessee takes from it, converts into personal property and appropriates to his own use (Parker v. Riley, supra); and it was certainly not the intention of Congress that such an alienation might be made without restriction, while requiring the approval of the conveyance of the surface, which in many instances would be of far less value than the right to extract oil and gas from the premises. The Supreme Court of the United States in United States v. Noble, 237 U. S. 74, 35 Sup. Ct. 532, 59 L. Ed. 844, held that the assignment of rents and royalties accruing under an oil and gas lease was a "conveyance of an interest in the land," and that the lessee having no power to convey his estate in the land could not pass title to that part of it which consisted of rents and royalties. The lease under which Denton and Hoyt claim, not having been approved as required by section 9 of Act Congress May 27, 1908, was invalid and constituted a cloud upon the plaintiff's title, and the court did right in decreeing a cancellation thereof.

The lease executed by William P. Morton as guardian of Katie on the 2d day of March, 1912, did not terminate upon Katie reaching her majority. The lease actually executed was for a period of ten years and as much longer thereafter as oil and gas were found in paying quantities upon the leased premises. A petition was filed by the guardian, praying authority to lease the premises, and the report and return of the guardian show that a lease was executed which was to terminate when the minor arrived at her majority. The lease was executed upon a departmental form and was duly approved. Assuming that a petition was necessary to authorize the court to approve such lease when executed, the petition actually filed was sufficient to challenge the jurisdiction of the court, and the court was possessed of jurisdiction to approve conveyances of this general character. The facts which made it necessary for a lease to be executed were fully set out in the petition and were such facts as to authorize the court in its best judgment to approve a lease which it deemed for the best interest of the minor, even though it extended for a time beyond majority. Cabin Valley Mining Co. v. Hall, 53 Okla. 760, 155 Pac. 570, L. R. A. 1916F, 493. This proceeding is a collateral attack upon the order approving the lease. Moffer v. Jones, 67 Okla. 171, 169 Pac. 652, and cases cited. And though the petition be defective and does not contain some essential allegations, these defects in the petition are not fatal to the jurisdiction of the court, because the order approving the lease constituted an adjudication upon all the facts necessary to give jurisdiction, and whether such facts existed or not is wholly immaterial when the order is not reviewed or attacked on appeal. The county court was vested with jurisdiction and power to determine the sufficiency of the petition and, in approving the lease, necessarily held the petition to be sufficient, and its judgment thereon is not void upon collateral attack. Welch v. Focht, 67 Okla. 275, 171 Pac. 730.

The title of plaintiff to the premises being established, if the lease of defendant be invalid, there being no controversy between plaintiff and Carpathia Petroleum Company and Mid-Co Petroleum Company, the finding of the court upon these two ques-

tions should be affirmed, and a consideration of the other questions urged is thereby rendered unnecessary.

The judgment is affirmed.

OWEN, J., disqualified.