## ROREX v. KARCHER et al.

No. 12111—Opinion Filed Dec. 18, 1923.

Rehearing Denied April 1, 1924.

(Syllabus.)

**1. Appeal and Error—Notice of Appeal—Sufficiency — Record.**

Section 782, Comp. Stat. 1921, requiring notice of appeal, is sufficiently complied with where notice of appeal is given in open court and the journal entry of the proceedings contains a recitation that such notice was given in open court, although the clerk's minutes failed to show that notice of appeal was given.

**2. Oil and Gas—Priority of Leases—Validity of Overlapping Lease.**

A landowner executed an oil and gas lease to defendants on November 1, 1913. On December 11, 1917, and while defendants' lease was still in force, the landowner executed a lease to plaintiff for a period of one and a half years. Defendants' lease would have expired on November 1, 1918, but on September 26, 1918, the defendants procured an extension of the lease for a period of one year. Held, the lease executed by the owner of the fee to the plaintiff was a valid lease, although executed while there was a valid lease on the property, and the defendants' rights under the extension agreement were subject to the superior rights of the plaintiff under his lease.

Error from Superior Court, Okmulgee County; H. R. Christopher, Judge.

Action by W. P. Rorex against M. S. Karcher and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

I. H. Cox, for plaintiff in error.

D. P. Farrell, for defendant in error.

COCHRAN, J. The defendants in error have moved to dismiss the appeal on the ground that notice of appeal was not given as provided by law. The motion for a new trial was overruled on September 11, 1920, and the following entry made in the clerk's minutes:

"This cause comes on for hearing upon the motion of the plaintiff for new trial. Motion is overruled, to which plaintiff excepts, and exceptions allowed."

On November 4, 1920, a journal entry was filed, reciting that on the 11th day of Sep-

tember, 1920, the motion for a new trial was overruled and notice of appeal was given in open court. The defendants in error contend that the recitations contained in the journal entry, which was filed on November 4th, should not be considered as a statement of the order made on September 11th; that it is an attempt to make an order on the 4th of November as of the 11th of September without notice and without a hearing. With this contention we cannot agree. In Reynolds v. Reynolds, 94 Okla. 114, 221 Pac. 109, this court held that where a judgment was rendered in a case and thereafter a journal entry of judgment was entered and filed in the case, the judgment was of the date the same was rendered by the court, and not of the date the journal entry of judgment was in fact filed. So, in the instant case, we must accept the journal entry which was filed on November 4th, but purports to recite the order entered on September 11, 1920, as a correct recitation of the order made by the court on September 11th.

The journal entry which was entered in this case evidences the fact that notice was given in open court, and where such notice was given and journal entry of the proceedings recites that it was done, the requirements of the statutes have been met. We are, therefore, of the opinion that the motion to dismiss the appeal should be denied.

This suit was brought by the plaintiff in error against the defendants in error to establish the validity of an oil and gas lease executed to him by Clinton Jackson and his wife, on December 11, 1917, covering 40 acres of land in Okmulgee county. This lease was to run for a period of one and one-half years from the date of the instrument and so long thereafter as oil and gas should be produced. Prior to that time, on November 1, 1913, Clinton Jackson and his wife executed a lease on this property to M. S. Karcher and C. C. Fuller for a term of five years and so long thereafter as oil and gas were found in paying quantities thereon. On September 26, 1918, Clinton Jackson and his wife executed an extension agreement under the terms of which they attempted to extend the lease which had previously been executed to Karcher and Fuller for a period of one year from November 1, 1918, and in January, 1919, the lessees under this extension agreement commenced drilling for oil on the land. Rorex notified them of his claim to the premises and ordered them to desist from drilling, and, upon the refusal of the defendants to do so, he filed this suit. Upon a trial of the case, the court found for the defendants and entered judgment enjoining the plaintiff from interfering with the defendants in the operation of the lease.

The only question necessary for determination is whether the lease contract executed to the plaintiff by Clinton Jackson and his wife on December 11, 1917, was valid. At the time this lease was executed the Karcher and Fuller lease was still in force, and extended to November 1, 1918, and it is the contention of the defendants that the lease to the plaintiff, having been executed while there was a valid lease on the property, was void. No authority is cited to sustain this proposition, and we have been unable to find any which tend to support the same. The lessors were the owners of the fee-simple title to the property, and the same was not restricted in any manner whatever. Such being the condition of the title, there was no reason why the owners of the fee could not carve out as many estates as they saw fit. There was no reason why the Jacksons could not execute a second oil and gas lease during the existence of the first lease. Of course, the holders of the second lease would take same subject to the rights of the holders of the first lease, which in the instant case extended to November 1, 1918. It is insisted by the defendants that one of the rights of the lessees under the first lease was to procure an extension of time during the lifetime of the first lease. There was no provision in the lease contract granting an extension or right of extension to the lessees, and any extension procured by the lessees was subject to the rights of intervening third persons. Prior to the time the extension was procured, the rights of the plaintiff intervened by reason of his lease, and any extension granted after the execution of the lease to the plaintiff was taken subject to the rights of the plaintiff under his lease. We are, therefore, of the opinion that the lease to the plaintiff was valid and that judgment should have been rendered for the plaintiff.

The judgment of the trial court is reversed, and cause remanded, with directions to enter judgment for the plaintiff.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.