## MacINNIS v. PERRAM.

No. 13551—Opinion Filed Sept. 23, 1924.

1. **Pleading—Petition—Sufficiency on Demurrer.**

In construing a petition challenged by demurrer before trial, nothing will be assumed in favor of the pleader which has not been averred, since the law does not presume that pleadings are less strong than the facts in the case warrant.

2. **Injunction—Temporary Restraining Order—Dissolution.**

Where a temporary restraining order has been granted upon an ex parte application, and motion is filed by the adverse party and upon examination it is found the petition fails to state a cause of action entitling the plaintiff to the relief sought upon final hearing, it is not error to dissolve such temporary restraining order.

3. **Pleading—Insufficient Petition on Demurrer.**

Where the petition wholly fails to state a cause of action against the defendant and in favor of the plaintiff, a demurrer to such petition is properly sustained.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by D. R. MacInnis against G. A. Perram. Judgment for defendant, and plaintiff appeals. Affirmed.

Nelson & Blair, for plaintiff in error.

Robinson & Mieher, for defendant in error.

Opinion by RUTH, C. This action was filed in the district court of Tulsa county by the plaintiff in error, D. R. MacInnis, plaintiff below, against the defendant in error, G. A. Perram, defendant below, and for convenience the parties will be designated as they appeared in the trial court.

The plaintiff first filed an instrument entitled "Affidavit" which he afterwards changed to "Petition" and inserted plaintiffs' and defendants' names, also inserting in next to the last paragraph, the words "and that the plaintiff is without adequate remedy at law and may be irreparably damaged unless such sale is restrained" and adding a prayer for general relief.

This petition alleges, in substance, that defendant represented to affiant that he was owner and holder of an undivided seven-sixteenths interest in a good and valid oil and gas lease on certain land in Nowata county, and after negotiations plaintiff entered into a written contract with defendant of purchase and sale, and attached a copy of the contract to his petition and makes it a part thereof. Plaintiff further alleges defendant operated under a departmental lease and developed the lease and found oil in paying quantities. That defendant "failed to comply with the rules and regulations governing departmental leases in that they failed and neglected to make reports of the development of said lease as required by said departments and therefore the lease is subject to forfeiture by the department", and

therefore G. A. Perram had no interest, by reason thereof, in said oil and gas lease which he could legally convey to the plaintiff.

Plaintiff further alleges in his petition as follows:

"This affiant further states that pursuant to said contract above mentioned, the said G. A. Perram attempted to assign an interest in an undivided seven-sixteenths interest in said lease, by executing a purported assignment thereof; and that in accordance with the rules and regulations of the department, such assignment, by its terms, did not take effect until the approval thereof by the Secretary of the Interior, application for which approval must be made within 30 days from date of said assignment; that the said G. A. Perram has never applied for or secured the approval of the Secretary of the Interior of said purported assignment, and therefore has conveyed no interest, if any he had, to affiant by said purported assignment.

"This affiant further states that on or about the 25th day of April, 1922, he requested of said G. A. Perram, that he execute a new assignment covering the property to be conveyed by the written agreement above mentioned, so that this affiant might apply for approval of said assignment by the secretary of the Interior, and that the said G. A. Perram refused to execute said new assignment, and that the consideration for said agreement above mentioned has wholly failed and that this affiant has received nothing under and by virtue of said written agreement, and that he is entitled to a return of all moneys heretofore paid to said G. A. Perram, by this affiant, pursuant to said agreement, and that his rights should be litigated.

"This affiant further states that pursuant to said contract above mentioned, he deposited with the said G. A. Perram 600 shares of stock of the Crockett-MacInnis Printing Company, as security for the payment of $3,000, given in payment for the interest in said lease contracted for and that at the time affiant learned that the said G. A. Perram had failed to make reports to the department as above mentioned, and at the time the said G. A. Perram refused to execute new assignment as requested, this affiant discontinued the payments as provided for in said contract, and that thereupon the said G. A. Perram, through his agents and his attorneys, has caused notice to be posted of the foreclosure of the pledge of said stock, the sale of which is set for the 5th day of June, 1922, at ten o'clock a. m., and that plaintiff is without adequate remedy at law and will be irreparably damaged unless such sale be restrained.

"By reason of the above, this affiant is entitled to an order of this court, restraining and enjoining the said G. A. Perram, his agents, attorneys, or persons in his behalf, from foreclosing said pledge by advertisement, and that the said G. E. Perram be directed to bring all further proceedings for the foreclosure of such pledge in some court properly having jurisdiction of the subject-matter,—and for such other relief as in equity plaintiff is entitled to."

The contract upon which this cause is founded, is set forth in the plaintiff's petition, in the following words:

"This agreement, made and entered into this, the 21st day of April, 1921, by and between G. A. Perram, party of the first part, and D. W. Sandford, Mac-Dun Oil Company, and D. R. MacInnis, parties of the second part.

"Witnesseth: That whereas, party of the first part is the owner and holder of an undivided seven-sixteenth interest in a good valid oil and gas mining lease on the following described property, to wit: The southeast quarter of the northeast quarter of the southwest quarter of section 36, township 27 north, range 15 east, Nowata county, Okla., and whereas, numerous mechanic's liens and suits have been filed in an effort to subject said property to the payment of said liens, and whereas, party of the first part is desirous of selling his interest in said oil and gas lease covering the above described property, and whereas, parties of the second part desire to purchase said interest in and to said oil and gas lease:

"Now, Therefore: For and in consideration of the sum of $3,000 to be paid as hereinafter provided, it is agreed as follows: First, Party of the first part agrees to sell his undivided seven-sixteenths interest in and to said oil and gas lease, and parties of the second part agree to buy same for the consideration above named. Parties of the second part further agree to assume all liability for suits, liens and claims now filed or to be filed against said property, and to hold party of the first part harmless from the payment of same. Second. Parties of the second part further agree that upon the assignment of the said undivided seven-sixteenths interest by party of the first part, they will execute to party of the first part, their promissory note in the sum of $3,000 to bear interest at the rate of eight percent. per annum, said note to be payable as follows: $250 on the 21st day of each and every month, until the entire sum of $3,000 has been paid, the first payment to be made on the 21st day of June, 1921. Third. It is further agreed that in the event that any payment of said note is not made when due, then the whole sum of $3,000 or the amount remaining due thereon shall at once and without notice, become due and payable at the option of the holder of said note, with interest thereon at the rate of eight per cent. per annum. Fourth. Parties of the second part further agree that they will, upon the execution of said note to party of the first

part, and for the purpose of securing said promissory note, place in the hands of parties of the first part as collateral, 600 shares of stock, fully paid and non-assessable, in the Crockett and MacInnis Publishing Company, and further agree that if the payment or payments provided for in said note are not made when due, the party of the first part may *immediately reimburse himself* by the sale of any or all of said shares of stock held as collateral, and may retain and apply such money and proceeds therefrom, to the payment of said note."

Upon the original affidavit herein filed the plaintiff on an ex parte showing obtained an order temporarily restraining defendant from advertising and selling the pledged stock. Defendant filed his motion to vacate, set aside, and hold for naught the restraining order and also filed his demurrer to the petition. The cause was transferred from the judge who granted the temporary order, by agreement of all parties, and the court finds "that there is no statute in the state of Oklahoma which authorizes the district court to require a pledgee to institute foreclosure proceedings prior to the sale of the property pledged, and that on said account the affidavit or petition filed by the said D. R. MacInnis does not state a cause of action," and that the application for a temporary injunction should be denied, and sustains the demurrer of the defendant leveled against the petition. And from the action of the court refusing to grant a temporary injunction and sustaining the demurrer to the petition, plaintiff brings this cause here for review on appeal.

Rule 26 of this court provides in part as follows:

"The brief shall contain the specifications of errors complained of separately set forth and numbered; the argument and authorities in support of each point relied on, in the same order with strict observance of Rule 7."

There is a total failure on the part of the plaintiff to comply with this requirement of the rule.

At what we assume was intended for the termination of the "statement of facts" the plaintiff, without stating any assignment of error or numbering the same, proceeds to state in narrative form as follows:

"It is the contention of the plaintiff in error that the contract between the plaintiff in error and the defendant in error being a contract for the conveyance of an interest in a departmental oil and gas lease on restricted Indian lands, and the assignment covering interest in said lease, both contract and assignment are absolutely void for all purposes, and the note of the defendant was

therefore without consideration and the defendant was therefore not entitled to sell the pledge property to satisfy the indebtedness on said note."

Plaintiff then proceeds to argue on this theory and this alone, but under the petition and the contract therein set forth the authorities cited and the argument presented are not applicable to the matters in the petition. An examination of the contract fails to disclose any mention of the fact that the contract relates to an oil or gas lease on restricted Indian lands. The petition states that defendant was operating under a "departmental" lease, but fails to state whether it is a department of the state or national government the pleader refers to, and we cannot permit ourselves to indulge in surmise or conjecture when considering the sufficiency of the petition on demurrer, and while the allegations of the petition, when challenged by a general demurrer, must be construed liberally in favor of the pleader (Ross v. Breene, 88 Okla. 37, 211 Pac. 417; Good v. First National Bank, 88 Okla. 110, 211 Pac. 1051) "and if any facts are stated which entitled the pleader to any relief, the demurrer will be overruled" (Carter v. Grimmett, 89 Okla. 37, 213 Pac. 732), nevertheless, where the language of the petition is doubtful, it will be construed against the pleader upon the ground that as he selected the language, he should make his meaning clear, and when in such a case a demurrer is sustained on account of the insufficiency of the petition, and no application for amendment is made, it will be presumed that the facts to justify it did not exist. Emerson v. Botkin, 26 Okla. 218, 109 Pac. 531; Lusk v. Porter, 53 Okla. 294, 156 Pac. 224.

And nothing will be assumed in favor of the pleader which has not been averred, since the law does not presume that a party's pleadings are less strong than the facts in the case warrant (Atwood v. Rose, 32 Okla. 355, 122 Pac. 929), and if material allegations are omitted, in the absence of an application to amend, it will be assumed that the facts did not exist (Fretz v. Edmond, 66 Okla. 262, 168 Pac. 800), and while the exigencies of the occasion, and to prevent irreparable injury being done, might prompt courts to grant temporary restraining orders on ex parte application, on an insufficient petition, when the petition is subjected to the scrutiny of the court on application for injunction, and it is found wholly insufficient to entitle the pleader to the relief sought upon final hearing, a demurrer to such petition is properly sustained.

In so far as the contract attached to the

petition is concerned it makes no mention of "restricted Indian lands," and for aught the court knows it may embrace lands of a citizen who hath absolutum et directum dominium, or lands belonging to an Indian with restrictions removed.

We have examined carefully all the authorities cited by plaintiff, and cannot find they are applicable to this case where the petition is attacked for insufficiency.

In Hoyt et al. v. Fixico, 71 Okla. 103, 175 Pac. 517, it is held:

"An oil and gas mining lease executed February 11, 1915, by a full-blood heir of a deceased Creek Indian allottee is a conveyance of an interest in said lands, and is void unless approved as required by section 9, Act Cong. May 27, 1908, c. 199, 35 Stat. 315." Wellsville Oil Co. v. Miller et al., 44 Okla. 493, 145 Pac. 344.

As there is no allegation in the petition that the lands embraced within the contract were restricted Indian lands there was no error in the court's order dissolving the restraining order and in sustaining the demurrer to the petition, and the judgment of the lower court should be affirmed.

By the Court: It is so ordered.