## AMERICAN INVESTMENT CO. et al. v. USREY.

No. 13589—Opinion Filed Oct. 14, 1924.

Rehearing Denied March 3, 1925.

### 1. Guardian and Ward—Sale of Land—Fraud Upon Minor.

In a probate sale of a minor's land, if the guardian of the ward or the purchaser commits fraud in the course of the proceedings which prevents a fair hearing of the cause on the part of the ward, and induces the court to reach a judgment which ordinarily would not have been entered by the court except for the wrong. the vice so entering into the judgment will subject it to attack by the minor.

### 2. Same—Attack Upon Judgment.

Upon such grounds the judgment will be open to attack whether it be in a direct or collateral proceeding.

### 3. Same—Action to Cancel Conveyances—Sufficiency of Petition.

A petition which alleges, first, that the purpose of the sale was to divest the minor of the title in order that it might be granted for the benefit of the guardian and her

husband; and, second, that the consideration for the conveyance was not paid, states a good cause of action upon either ground for the cancellation of the deed. The allegation of notice of such defects to the mortgagee and the purchaser at the foreclosure sale states a cause of action against the subsequent holders of the title.

### 4. Quieting Title—Ejectment—Joinder of Actions.

The first part of section 466, Comp. Stat. 1921, is declaratory of the equitable remedy to quiet title to real estate, as it existed and was applied in the chancery courts, and the latter part of the section authorizes the joining of an action to quiet title, by the owner, out of possession, with an action in ejectment. The purpose of the section is neither to enlarge the subject-matter in an action to quiet title, nor the subject-matter in an action in ejectment, as the remedies formerly existed in the chancery and law courts, further than the results that would flow from the combination of the two actions in the same suit.

### 5. Same—Trial to Court—Right to Separate Findings of Fact and of Law.

The enactment of section 466, supra, does not destroy the right of the plaintiff or defendant, in the trial of questions of fact by the court, to have findings of fact and law made by the court, as provided by section 556, Comp. Stat. 1921, where an action to quiet title is joined with an action in ejectment.

### 6. Statutes—Harmonizing Acts — Implied Repeal.

Two or more statutory provisions relating to the same subject-matter should be considered so as to give effect to all the provisions, unless it is made reasonably apparent by the acts that the Legislature intended to repeal the prior provisions by implication.

### 7. Judgment not Sustained.

Record examined; held, that the verdict and judgment in favor of the plaintiff is clearly against the weight of the testimony.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Grady County; J. W. Bird, Assigned Judge.

Action by Fannie Usrey against the American Investment Co. et al. to quiet title in real estate, and for the possession of the property. Judgment for plaintiff. Defendants bring error. Reversed and remanded, with directions.

Rainey & Flynn, Calvin Jones, and H. E. Oakes, for plaintiffs in error.

Bond, Melton & Melton and Warren K. Snyder, for defendant in error.

Opinion by STEPHENSON, C. Fannie Usrey, nee Bishop, was allotted the lands in controversy as a mixed-blood Choctaw Indian. Eunice George, the mother of the allottee, and the wife of J. C. George, who is the step-father of the allottee, was appointed guardian of the person and estate of Fannie Usrey. The guardian filed her petition in the guardianship case for the sale of her ward's lands as described in the petition. W. R. George, a brother of J. C. George, became the purchaser at the sale. After the purchase of the land, W. R. George and his wife executed and delivered a mortgage on the property to the American Investment Company to secure the payment of one note in the principal sum of $2,000. Thereafter, the American Investment Company assigned the mortgage and indebtedness to Henry B. Hellman. As a part of the same transaction W. R. George and wife executed and delivered a commission mortgage on the same property to the American Investment Company for the sum of $250. The proceeds of the first mortgage were paid to Mrs. George, and the payment in the sum of $1,992.50 was credited to her account as guardian of Fannie Usrey, a minor, in a bank at Temple, Okla. Henry B. Hellman later died leaving several persons as his heirs at law. R. E. Calloway, as agent of the American Investment Company conducted the negotiations in connection with the execution of the mortgages, and was employed in the bank in which the money was deposited. W. R. George made default in the payment of the commission mortgage, and the American Investment Company foreclosed the same and acquired the title at sheriff's sale, subject to the first mortgage. Thereafter Fannie Usrey commenced her action against the American Investment Company and the heirs of the assignee of the first mortgage to cancel the guardian's deed, mortgage, and the sheriff's deed in the foreclosure proceedings, and for possession of the lands with rents. In the trial of the cause judgment went for the plaintiff and against the defendants, granting the relief as prayed for. The defendants have perfected their appeal from the judgment to this court, and assign several of the proceedings had in the trial court as error for reversal here. Among the several errors assigned are: (1) Error of the court in submitting the issues of fact to the jury; (2) refusal of the court to make special findings of fact and law upon the timely request of the defendants; (3) the verdict and judgment is contrary to the evidence;

and (4) the verdict and judgment is contrary to law. Section 466, Comp. Stat. 1921, is in the following language:

"An action may be brought by any person in possession, by himself or tenant, of real property against any person who claims an estate or any interest therein, adverse to him, for the purpose of determining such adverse estate or interest, and such action may be joined with an action to recover possession of such real property by any person not in possession."

The first part of the section is declaratory of the equitable remedy to quiet title by a person in possession as it existed in the chancery courts. The latter part of the section merely authorizes the owner out of possession, in an action in ejectment, to join therewith an action to quiet title. The effect of section 466, supra, is neither to add anything to, nor take anything from the respective actions as they formerly existed and were applied in the chancery and law courts, further than the increased results obtained by combining the two remedies in one suit. The effect of the section is to enable the plaintiff, who formerly owned the complete title, and has conveyed the legal title to the defendant (but retains the equitable title on account of the wrongful procurement of the legal title by the defendant), to join his equitable action with his action in ejectment, in order that the legal title of the defendant may be cancelled by the equitable proceedings, and revested in the plaintiff. After the cancellation of the legal title of record in the defendant by the equitable proceedings, the legal title of record, as it formerly stood in the plaintiff is thereby revested in the plaintiff by the judgment in the equitable proceedings. In an action to quiet title and for possession as is involved herein, if the plaintiff prevails in the equitable action, judgment follows as a matter of course for the plaintiff for possession, as the judgment in the equitable remedy revests the plaintiff with the legal title as it appears of record undisputed.

In certain causes the trial of the issues of fact is governed by section 532, Comp. Stat. 1921, in the following language:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

This section requires the issues of fact arising in an action in ejectment to be submitted to the jury, unless waived.

In the trial of issues of fact in an equitable proceeding, section 556, Comp. Stat. 1921, governs:

"Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its findings, except generally for the plaintiff or defendant, unless one of the parties request it with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing the conclusions of fact found, separately from the conclusions of law."

In the trial of an action to quiet title, if either the plaintiff or the defendant makes a request for special findings of fact it is the duty of the court to grant the request. Section 466, supra, relating to the joining of an action to quiet title with an action in ejectment, was enacted by the Legislature subsequent to the passage of the two prior sections. The section merely relates to the right to join the two actions in the same proceeding, which did not formerly exist. Ewert v. Robinson (C. C. A.) 289 Fed. 753. The section does not evidence a purpose on the part of the Legislature to modify the statute relating to the trial of issues of fact in an ejectment case by the jury, or the statutory provisions in relation to the trial of equitable causes. The Legislature has since enacted codes containing the three sections, and by such adoption has evidenced a purpose to give all three sections effect in our code. The action of the Legislature in adopting cides containing the three sections is equivalent to construing the sections as having a place in our statutory law. Rock Island Imp. Co. v. Fagerquist, 99 Okla. 282, 227 Pac. 117; Muskogee Times-Democrat v. Board of County Commissioners, 76 Okla. 188, 184 Pac. 591; U. S. v. Buick Roadster, 244 Fed. 961. If the plaintiff joins an action to quiet title with his action in ejectment, it does not destroy the right of the defendant under section 556, supra, to have the court make special findings of fact and of law in relation to the action to quiet title or equitable proceeding. It is in such an action reversible error for the court to refuse the request of the defendant for special findings of fact and of law, upon timely request. McAlphine v. Hixon, 45 Okla. 376, 145 Pac. 386; Stone v. Spencer, 79 Okla. 85, 191 Pac. 197; Coleman v. James, 67 Okla. 112, 169 Pac. 1065. Nor does the joining of an action to quiet title with an action in ejectment destroy the right of either party to have the issues of fact involved in the action in ejectment submitted to the jury, as provided by section 532, supra. The court should try the issues of fact and law in the equitable proceeding to quiet title, and if

the judgment of the court in the equitable proceeding in favor of the plaintiff leaves the plaintiff with a clear and undisputed chain of legal title of record, the judgment is a question of law for the court in favor of the plaintiff for possession, as there is no issue of fact between the parties for submission to the jury. At this point the court may either discharge the jury and enter judgment in the possessory action accordingly, or instruct the jury to return a verdict for the plaintiff for possession. Cedar Rapids Natl. Bank v. Bashara, 39 Okla. 482, 135 Pac. 1051; City of Duncan v. Tidwell, 48 Okla. 382, 150 Pac. 112. In the trial of the issues of fact, as were made up in this case, the court should have tried the issues of fact involving the plaintiff's right to cancellation of the guardian's deed and mortgages, and made therein special findings of fact and of law as were requested by the defendants. If the judgment in the cancellation proceedings had been in favor of the plaintiff, it would have divested the defendants of the legal title as it appeared of record, and revested the plaintiff with her perfect chain of legal title accordingly. Both the equitable and legal titles then being vested in the plaintiff and so showing according to the records, and no issue of fact being joined thereon in the possessory action by the answer of the defendants, the question of the plaintiff's right to possession in the ejectment action was one of law. At that point the trial court might have discharged the jury and entered judgment accordingly, or instructed the jury to return a verdict for the plaintiff in the ejectment action. The same result would follow, when an equitable action was not joined with the ejectment action, if the undisputed record showed a perfect legal title in the plaintiff. Each action combined in a single suit should be tried as to both questions of law and fact, as if the actions were tried separately.

For her right in canceling the guardian's deed and quieting the title, the plaintiff relied in her petition upon the following allegations: (1) The relationship between the purchaser and the guardian; and (2) the failure of the defendant to pay the consideration for the conveyance. In addition to these two grounds for cancellation, the plaintiff's attorney in his statement to the jury, without objections from the defendants, added another ground, i. e., that it was the purpose of all parties, including the agent of the mortgage company, to divest the plaintiff of her title and place the same in W. R. George for the purpose of mortgaging the same for the benefit of the guardian and her husband. The relationship between the

guardian and the purchaser would not of itself affect the validity of the sale. Tootle v. Payne, 82 Okla. 178, 199 Pac. 201. The other two grounds of fraud, upon which the plaintiffs rely for cancellation, as against the purchaser and incumbrancers with notice, state a cause of action upon either ground. The fraud so alleged did not inhere in any of the issues of fact before the court in granting the order of sale and the confirmation of the sale. For such fraud practiced upon the court, which results in the impairment of the property rights of the ward, will entitle the ward to relief in an action to quiet title. Gray v. McKnight, 75 Okla. 268, 183 Pac. 489. The evidence is that the proceeds of the mortgage in the sum of $1,992.50 were placed to the credit of the guardian, in a bank at Temple, Okla. There is no evidence as to whether or not the balance of the purchase price in about the sum of $250 was paid. The sum and substance of the guardian's testimony given in the trial of this cause was that the plaintiff received the benefit of the entire purchase price placed to her credit in the bank, except about $700. The guardian testified that the bank charged a $700 note of her husband, owing to the bank, to the guardianship account. The proceedings in this cause would indicate that the plaintiff filed an action against the bank for conversion of the $700, and that the cause is now pending in this court. The fact that the bank charged the note of the guardian's husband to the account of the ward cannot affect the title of the defendants. The plaintiffs proof fails on the question of the payment of the consideration. The proof in this case is that the purchaser entered into negotiations after the purchase of the land for a loan on the property. There is no testimony in this respect to the effect that R. E. Calloway, the agent of the American Investment Company, understood that the sale of the land was made for the purpose of securing a loan thereon for the benefit of the guardian and her husband. The reasonable inferences from the testimony do not justify this conclusion. The question of the adequacy or inadequacy of the purchase price is not made by the pleadings or the record. This question standing alone would not be open to attack in this proceeding, as it would be a collateral attack. After the court obtains jurisdiction of a guardianship sale proceeding, all irregularities and defects, except jurisdictional matters, between the acquiring of jurisdiction and order of confirmation of the sale, are cured by the order of confirmation, to the extent that such proceedings may not be questioned in a collateral at-

tack. The question of the adequacy or inadequacy of the purchase price was an issue and involved in the course of the proceedings for the sale, and the judgment of confirmation precludes inquiry on this matter in a collateral proceeding. Atkinson v. King, 93 Okla. 37, 219 Pac. 914. The question is made that public notice of sufficient duration was not given prior to the hearing of the proceedings. But this question is decided adversely to the plaintiff's question by Tiger v. Drumright, 95 Okla. 174, 217 Pac. 453. The plaintiff relies merely on the record for notice to Hellman of the claimed defects in the title. As no right of action was proved against the purchaser, it follows that judgment should go for the heirs of Hellman. Tootle v. Payne, supra; Brooks v. Tucker, 83 Okla. 255, 201 Pac. 643.

The action of the plaintiff to cancel the guardian's deed to the purchaser and quiet title in the plaintiff is an equitable proceeding, and even though joined with an action in ejectment it must be tried and considered on appeal according to the equitable rules in relation to such proceedings. On appeal in an equitable proceeding, while this court will examine and weigh the evidence, it will not reverse the action of the trial court thereon, unless it be clearly against the weight of the evidence. Pelham Petr. Co. v. North, 78 Okla. 39, 188 Pac. 1069; Dotterer v. C., R. I. & P. Ry. Co., 78 Okla. 67, 188 Pac. 1055; Hogan v. Grimes, 78 Okla. 184, 189 Pac. 353. Upon the evidence introduced in this cause, the court ought to have rendered judgment for the defendants.

It is recommended that this cause be reversed and remanded, with directions to enter judgment for the defendants.

By the Court: It is so ordered.