Note.—See under (1) 28 Cyc. p. 316. (2) 28 Cyc. p. 947. (3) 28 Cyc. p. 847.

---

## SCOTT v. GYPSY OIL CO.

No. 15776—Opinion Filed Sept. 15, 1925.

1. **Courts—County Courts — Probate Jurisdiction — Judgments — Force and Presumptions.**

County courts of this state have general jurisdiction in probate matters and their

orders and judgments will be accorded the same force, effect, and legal presumption as other courts of general jurisdiction.

**2. Guardian and Ward—Validity of Sale—Petition as Basis of Jurisdiction.**

Where a petition contains sufficient allegations as to the condition of the estate and the necessity of the sale to give the court jurisdiction, a court of equity will not vacate a sale because the statements were false, as the jurisdiction of the court rested on the averments of the petition and not the truthfulness thereof.

**3. Same—Necessity for Sale Determined by County Court.**

The questions of the condition of the estate and the necessity for the sale were matters which were before the county court for determination and necessarily determined by the court when the order of sale was made.

**4. Same—Adequacy of Consideration—Collateral Attack.**

The question of the adequacy, or inadaquacy, of the purchase price was an issue involved in the course of the proceedings for the sale, and the judgment of confirmation precludes inquiry on this matter in a collateral proceeding, in the absence of fraud in the party obtaining it.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Hughes County; George C. Crump, Judge.

Action by Lillian Scott against the Gypsy Oil Company for cancellation of an oil and gas mining lease. Judgment for defendant. Plaintiff brings error. Affirmed.

Pryor, Stokes & Carver, for plaintiff in error.

James B. Diggs, Wm. C. Liedtke, and Redmond S. Cole, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Hughes county, Okla., by Lillian Scott, plaintiff in error, plaintiff below, against the Gypsy Oil Company, a corporation, defendant in error, defendant below, to cancel and set aside an oil and gas mining lease, for an injunction against the defendant, and for general relief.

The parties will be referred to in this opinion as plaintiff and defendant as they appeared in the lower court.

The petition, in substance, avers that the plaintiff is the owner of and in possession of the northeast quarter (N. E. ¼) of the southeast quarter (S. E. ¼) of section thirty-two (32), township eight (8) north,

range eleven (11) east, consisting of 40 acres, more or less, which constituted a part of her allotment as a duly enrolled citizen of the Creek Nation by blood; that on or about the 4th day of January, 1922, an oil and gas mining lease was executed by one James Scott, which lease was held by the defendant; that said lease was fraudulently procured for the sum of $40, and its true market value, at the time, was $1,000, and that at the time of the execution of the said oil and gas mining lease there was a lease upon said land, which expired the 6th day of October, 1922; that the consideration paid for the lease was grossly inadequate; that false representations were made to the court and her guardian, in that a well would be drilled in close proximity to the land, if the lease could be procured for the sum of $1 per acre; that said statements were false and untrue and were made for the purpose of cheating, wronging, and defrauding the plaintiff; that said oil and gas lease is null and void for the reason that fraud was perpetrated upon the court in taking said oil and gas lease for a term of ten years, it not being brought to the attention of the court that the plaintiff would become of age on the 14th day of October, 1922, or that there was an existing lease upon the land, expiring October 6, 1922, and that it was not to the best interest of the ward to lease the land for so long a term, all of which was unknown to the court, but known to the defendant and its agents at the time of the making of the lease; that said lease is null and void for the further reason that the guardian was without authority to make said lease, extending beyond the majority of the ward for such a long period of time, under such conditions, and that there was no necessity for the leasing of the land, and that there was no development or production of oil or gas in close proximity to the land so as to drain it or injure the same; that the guardian was without authority to make and the county court without authority to approve the same.

To the petition of plaintiff the defendant answered by way of general denial, but admitted the citizenship of the plaintiff and her ownership of the land. The defendant further alleged that it claimed an interest in the land on account of an oil and gas mining lease, executed and delivered by James Scott, plaintiff's legal guardian, under order of the county court of Hughes county, in a proper proceeding before said court for leave, license, and authority to sell an oil and gas mining lease covering, among other lands, the premises described in the

petition for a term of ten years from October 6, 1922; that, under said order authorizing said sale, the lease of 120 acres, including the 40 acres described in plaintiff's petition, was sold to one Joe Moncrief for the consideration of $120, and that on the 4th day of January, 1922, the sale was confirmed by proper order of the court and the lease approved by the county court; that the lease was sold in open court to the highest and best bidder, being Joe Moncrief, and was sold in strict compliance with the rules of said county court and the Supreme Court of Oklahoma, and under the statute law of the state of Oklahoma, and that all proceedings thereunder were on their face fair and regular. (Copies of all the proceedings of the county court were attached to the answer of the defendant as exhibits and made part of said answer.) That on or about the 26th day of June, 1922, Joe Moncrief, then owner of said oil and gas mining lease, for a consideration of $1,800, made, executed, and delivered to the defendant herein an assignment of said oil and gas mining lease to the 120 acres of land, including the 40 acres in dispute here, a copy of said assignment being attached to the answer by way of an exhibit; that said assignment was made to the defendant without any knowledge, information, or belief of any alleged fraudulent procurement of said lease by the said Joe Moncrief, and without any notice, knowledge, information, or belief that the consideration paid was below its true value at the time it was made, or that any fraud was practiced upon the court; that its attorney secured an abstract of title and the records of the sale from the county court of Hughes county, which showed a complete title in the said Joe Moncrief, and relying upon the said title and record evidence thereof, it paid the purchase price above mentioned and accepted said assignment without any notice, knowledge, information, or belief of any of the claims, or pretended claims, of the defects in title as set out in plaintiff's petition; that it became a bona fide purchaser without notice of any defects in the title; that it has well and truly kept and performed all of the stipulations and agreements in said oil and gas mining lease provided to be kept and performed by it; that it has paid all delay rentals accruing thereunder, and that the lease, under which it claims, is a valid and subsisting oil and gas mining lease upon said premises; and prayed that plaintiff take nothing herein and that it have and recover its costs, and for general relief.

Upon these issues the cause proceeded to trial before the court, by special agreement of the parties, and at the close of the testimony on part of the plaintiff the defendant demurred to the evidence offered on behalf of the plaintiff on the ground that the evidence offered was not sufficient to sustain a cause of action against it, which demurrer was by the court sustained and judgment rendered in favor of the defendant and against the plaintiff, that the plaintiff take nothing and that her petition be dismissed, and that the defendant recover its costs expended.

Motion for new trial was filed, heard, and overruled, and plaintiff excepted, and the cause comes regularly on appeal by the plaintiff to this court for review.

Attorneys for plaintiff submit their argument, and say that the only question involved in the case is as follows:

"Can a guardian lease the land of his ward for oil and gas for a period of ten years to begin nine months in the future, receiving therefor no additional consideration whatever, paying therefor the sum of $1 per acre when the same was worth $12.50 per acre, there being no development on the land and no necessity for the leasing of the same and with the intention of the same taking effect just eight days before the minor becomes of age?"

The case having been disposed of by the trial court on a demurrer to the evidence, it will be necessary to review briefly the evidence submitted by plaintiff. The entire record of the proceeding in the county court for the sale of the lease was introduced by agreement of the parties and the lease to Joe Moncrief and the assignment of the lease by Joe Moncrief to the defendant, Gypsy Oil Company, were also introduced by agreement of the parties, and a prior existing lease, expiring on the 6th day of October, 1922, was introduced, which last mentioned lease had been assigned to the defendant, Gypsy Oil Company.

On examination of the proceedings before the county court, they appear to be fair and regular upon their face. The final order, leasing the 120 acres of land, which includes the 40 acres in dispute here, was made on the 4th day of January, 1922, for ten years. Said lease was to begin to run from the 6th day of October, 1922, and the lease was confirmed and approved to Joe Moncrief, he being the highest and best bidder at a judicial sale made in open court. The petition filed by the guardian, to lease the land recited that Lillian Scott, a minor, was, at the time of the filing of the petition, 17 years of age, having been born on the 14th

day of October, 1904, and that the petitioner desired to lease the land for a term of ten years, beginning on the 6th day of October, 1922, and that it was manifestly for the best interest of his ward to make said lease at said time, and that said lease was sold for a bonus of $120, or $1 per acre, and the lease further provided that if no well were commenced on or before the 6th day of October, 1922, the lease should terminate, unless the lessee should pay the sum of $120 to cover the privilege of deferring the commencement of the well from that date. This lease was assigned by Joe Moncrief to the defendant herein on the 26th day of June, 1922. There is no evidence that there was any secret understanding between Joe Moncrief, the purchaser of the oil and gas lease, and James Scott, the guardian, and there is an absolute absence of evidence that the Gypsy Oil Company knew anything about the sale of the lease, at the time it was made, or that it had any connection with the transaction until it purchased the lease from Joe Moncrief on the date above mentioned. Furthermore, there is absolutely no evidence of any fraud having been practiced by anybody in connection with this transaction so this case must be determined and decided, not upon the question of fraud, but upon the legal proposition as to the power of the court to lease the land for a period of years to begin about nine months after the order made therefor, and whether this court can inquire into the authority of the court to lease the land beyond the period of minority of the minor and the power of the court to decide what is a fair consideration for the lease and the power of the court to determine the necessity for the making of said lease.

This court has repeatedly held that the county courts of this state have authority to authorize the sale of an oil and gas mining lease covering the lands belonging to a minor in the following cases: Duff v. Keaton, 33 Okla. 92, 124 Pac. 291; Cabin Valley Mining Co. v. Hall, 53 Okla. 760, 155 Pac. 570.

It is no longer an open question in this jurisdiction that a county court having jurisdiction of the estate of a minor may authorize the sale of an oil and gas mining lease and approve the same for a period extending beyond the minority of said minor. See Cabin Valley Mining Co. v. Hall, supra; Hoyt v. Fixico, 71 Okla. 103, 175 Pac. 517.

It has also been decided by this court that neither the necessity for nor the propriety of the court's action, in authorizing the sale of such lease, may be inquired into

in a collateral proceeding, but the finding and judgment of the court thereon, in the absence of fraud, accident, or mistake, are conclusive. The court said, in the case of Tiger v. Drumright, 95 Okla. 174, 217 Pac. 453, that:

"1. County courts of this state have general jurisdiction in probate matters and their orders and judgments will be accorded like force, effect and legal presumption of other courts of general jurisdiction. * * *

"The rule announced in Cowan v. Hubbard, 50 Okla. 671, 151 Pac. 678, and Welch v. Focht, 67 Okla. 275, 171 Pac. 731, followed.

"2. Where a petition contains sufficient allegations as to the condition of the estate and the necessity of the sale to give the court jurisdiction, a court of equity will not vacate a sale because the statements were false as the jurisdiction of the court rested on the averments of the petition and not the truthfulness thereof.

"3. The questions of the condition of the estate and the necessity for the sale were matters which were before the county court for determination, and were necessarily determined by the court when the order of sale was made, and judgment procured by false testimony on material questions which were tried and determined by the court will not be set aside in an equitable action in that court unless the false and perjured testimony concerns some extraneous fraud practiced upon the court."

This court has also held that the owner of land may execute an oil and gas mining lease thereon while there is a valid and outstanding lease on the premises, and that the second lessee will simply take subject to the existing lease. Rorex v. Karcher, 101 Okla. 195, 224 Pac. 696.

The guardian of a minor, with the approval and consent of the county court in the manner and form provided by law, can sell and dispose of the property of a minor just the same as an adult can sell and dispose of his property. Cabin Valley Mining Co. v. Hall, supra; Carlile et al. v. National Oil & Development Co. et al., 83 Okla. 217, 201 Pac. 377; Papoose Oil Co. v. Swindler, 95 Okla. 264, 221 Pac. 506.

Under the above authorities the court could unquestionably authorize the execution of the lease in this case and the question raised by attorneys for plaintiff was a proper one for the consideration of the county court when authority to sell the lease was sought, and the advisability of selling the lease under the circumstances must have been considered by the county court, and it is not a matter of consideration

for this court in a collateral attack upon the lease so sold.

This court, in numerous cases, has held that the sale of a minor's interest in real estate, the determination by the county court of the necessity therefor, and the adequacy of the consideration, are conclusive in a collateral proceeding in the absence of fraud extrinsic to the record, and is impervious to collateral attack, and the scope of inquiry in a collateral attack is confined to the consideration as to whether the county court had jurisdiction of such proceedings. Welch v. Focht, 67 Okla. 275, 171 Pac. 730; Tiger v. Drumright, supra. To the same effect: Brown v. Trent, 36 Okla. 239, 128 Pac. 895; Bowling v. Merry, 91 Okla. 176, 217 Pac. 404; Crabtree v. Bath, 102 Okla. 1, 225 Pac. 924. In the last above mentioned case it was held that where the purchaser at such sale did not have knowledge of, or participate in, any fraud, that the fraud of the guardian in inducing the sale will not invalidate the title so acquired.

The Supreme Court of the United States, in the case of Grignon, Lessee, v. Astor et al., 2 Howard, 341, 11 L. Ed. 292, holds:

"The record is absolute verity, to contradict which there can be no averment or evidence; the court having power to make the decree, it can be impeached only by fraud in the party who obtained it. (6 Peters, 729). A purchaser under it is not bound to look beyond the decree."

In the case of Brooks v. Tucker et al., 85 Okla. 255, 201 Pac. 643, this court has laid down the rule as to the authority and duty of the county judge and the effect of his order and decree.

There is evidence that the lease in question was sold to Moncrief for a consideration less than leases in that vicinity were bringing at dates prior to and after the sale, but there is no positive evidence as to what its value was on the exact date of the sale, but, in the absence of fraud on the part of the purchaser at a judicial sale, a sale to him will not be set aside for mere inadequacy of price as the consideration of price was a subject of investigation and determination by the county court at the time the sale was made, and if the bidder, himself, were free from wrong, he should not be deprived of the benefit of his bid simply because others do not bid or because the parties interested have done nothing to secure the attendance of those who would be likely to give for the property something near its value. Wheeler & Motter Mercantile Co. v. Wright at al., 64 Okla. 97, 166 Pac. 184.

In the case of Crabtree v. Bath, supra, this court sustained a demurrer to the petition for the reason that the petition nowhere alleged that the purchaser at the guardian's sale was a party to fixing the price for which the land was appraised, and this court, in the case of American Investment Co. v. Usrey, 106 Okla. 202, 233 Pac. 1078, in the body of the opinion said:

"The question of the adequacy or inadequacy of the purchase price was an issue involved in the course of the proceedings for the sale, and the judgment of confirmation precludes inquiry on this matter in a collateral proceeding. Atkinson v. King, 93 Okla. 37, 219 Pac. 914."

We, therefore, conclude that the judgment of the lower court in this case, in the absence of fraud on part of the purchaser, and more particularly on part of the defendant in this case, who subsequently purchased the lease as an innocent purchaser for value without notice of any infirmity in the title of the lease, was correct, and that the same should be and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 15 C. J. pp. 1004, § 418, 1009, § 419, 1010, § 422, 1021, § 442. (2) 28 C. J. pp. 1178, § 304, 1196, § 343 (Anno). (3) 28 C. J. p. 1192, § 334. (4) 28 C. J. pp. 1200, § 350, 1208, § 362 (Anno).