Tom MURRAY, Plaintiff in Error,

v.

LINK OIL COMPANY, Defendant in Error.

No. 38540.

Supreme Court of Oklahoma.

July 12, 1960.

T. Austin Gavin, Tulsa, for plaintiff in error.

Bradford J. Williams, Fenelon Boesche, R. B. McDermott, T. H. Eskridge, Tulsa, for defendant in error.

IRWIN, Justice.

Plaintiff's petition proposes two causes of action, the first for cancellation of a certain written lease agreement and for quieting title against said lease and the second for restitution of the premises covered by the lease. The defendant's demurrer to the petition was sustained. The plaintiff elected to stand on his petition, the petition was dismissed and the plaintiff has perfected his appeal. The parties will be referred to as they appeared in the trial court.

### Pleadings

In the first cause of action plaintiff alleges ownership of the surface rights in 4.2 acres of land in Osage County, now occupied by the defendant incidental to the operation of a re-pressuring and gasoline plant and allied uses; that on November 7, 1933, the Exchange Bank of Skiatook, Oklahoma, then owner of the surface rights of the NE¼, of which the 4.2 acres were a part, entered into a written lease agreement with the defendant; that all rights under the lease have terminated but defendant remains in possession under representations, orally made, that it had a right to continue to occupy the premises. That on July 10, 1958, plaintiff's agent and attorney served notice on defendant that all rights under the lease had expired and if defendant continued to occupy the premises he would take such action as he deemed appropriate; that the defendant continued to occupy said premises after September 1, 1958, and plaintiff served an additional notice to quit and surrender possession of the premises or suit would be filed after three days under the forcible entry and detainer statute. Prayer was for cancellation of the lease and to quiet title as against the lease. In the second cause of action plaintiff alleges he is entitled to the immediate possession of the premises which defendant unlawfully detains and pleads the three-day notice mentioned in the first cause of action. He prays for restitution of the premises.

The lease agreement attached to plaintiff's petition was entered into between the bank and the defendant on November 7, 1933, for a term of 15 years. The agreement contained a recital that the defendant had a Departmental oil and gas mining lease covering the entire NE¼ of which the 4.2 acres was a part, and contains the following paragraph:

"It is distinctly agreed and understood between the party of the first part and the party of the second part that by the instant contract, none of the rights of the party of the second part under and by virtue of the aforesaid oil and gas mining lease are waived or modified or changed in any way whatsoever by this contract, so far as the lease governs the use of the surface rights."

The demurrer of the defendant was upon the ground that neither cause of action states facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant.

### Contentions

Plaintiff contends the defendant's demurrer admits the relationship of landlord and tenant; that the agreement between plaintiff's predecessor in title and defendant had terminated; that notice of its termination had been given by the landlord (plaintiff) to the tenant (defendant) and that defendant unlawfully detained the same.

Defendant contends that if plaintiff's action is to quiet title, it is defective in that he does not allege that he is in possession of the premises; that he does not allege any facts showing defendant is his tenant; that if either of plaintiff's causes of action

be one for ejectment, it is defective in that his title is not deraigned.

### Conclusions

It is apparent that plaintiff and defendant do not agree as to the kind of action contemplated. The basis for plaintiff's contention is that a relationship of landlord and tenant exists and the only real issue involved is the right of possession and the question of title, or the right of title is not germane. On the other hand, the basis for defendant's contention is that it is an action in ejectment and to quiet title and the question of title or the right of title is the determining factor, which in turn necessitated the deraigning of plaintiff's title.

In Warren v. Stansbury, 199 Okl. 683, 189 P.2d 948, 950, in discussing the differences and similarities of actions in ejectment and forcible entry and detainer, we said:

"Although forcible entry and detainer, and ejectment are both possessory actions, the causes of action are not the same. Ejectment may be maintained on proof of title carrying as an element of ownership a right of possession and enjoyment. Forcible entry and unlawful detainer is a summary action specifically designed to oust a hold-over tenant or trespasser, and to apply only to the situations covered by the statute. 39 O.S.1941 §§ 391–393.

"In an action in forcible entry and detainer the sole question involved and the only issue that can be determined is the right of possession, and the question of title or the right of title cannot be determined in such actions."

In view of Sec. 391, supra, that justices of the peace shall have original jurisdiction to try all actions for forcible entry and detention, or detention only, and in view of the fact this action was instituted to cancel a surface lease contract and to quiet title against such lease contract and for possession of the premises, and in view of the fact that to resolve such issues it is necessary to determine title, we can only conclude that this is an action in ejectment and quiet title and not merely an unlawful detention action. Therefore, we will consider the sufficiency of the petition in relation to an action in ejectment and quiet title.

In considering defendant's contention that the petition is defective for the reason plaintiff did not allege possession, we will consider Title 12 O.S.Supp.1959, § 1141, which provides:

"An action may be brought by any person in possession, by himself or tenant, of real property against any person who claims an estate or interest therein adverse to him for the purpose of determining such adverse estate or interest, and such action may be joined with an action to recover possession of such real property by any person not in possession. * * *"

The above wording was in the statute prior to its amendment in 1957, and said amendment is not material to the issue involved. We have previously construed this section and held that an action to quiet title by one out of possession will not lie unless joined with an action to recover possession. Sarkeys v. Martin, Okl., 286 P.2d 727; Stewart v. Seigle, Okl., 274 P.2d 395. We therefore conclude that plaintiff properly joined the action to quiet title with the action to recover possession.

In considering the allegations necessary in a possessory or ejectment action in Cook v. Hammett, 192 Okl. 298, 135 P.2d 962, 963, we held:

"In an ejectment action, if the plaintiff relies upon a record title, he must show a regular chain of title from the Government, or from some grantor in possession, or from a common source from which each of the litigants claims."

In Boepple v. Estill, 174 Okl. 106, 50 P.2d 182, we held:

"In an ejectment action the plaintiff must prevail upon the strength of his own title and not upon the weakness or want of title in the defendant."

**1114**

In the opinion we said:

"In this jurisdiction it is essential that a plaintiff in an ejectment action allege and prove: (1) His title; (2) his right of possession; and (3) wrongful possession of defendant. Gentry v. McCurry, 134 Okl. 182, 273 P. 222. * * *"

In applying the above principles of law to the allegations contained in the petition, the only allegation with reference to title is, "that he (the plaintiff) is now the owner of the surface rights * * *." The plaintiff did not deraign his title from the government or from some grantor in possession or some common source from which each litigant claims which are necessary allegations in a possessory or ejectment action.

In considering the allegations relating to the unlawful detention or right of possession, the lease agreement attached to the petition under which defendant went into possession, stated specifically that the land was under a Departmental oil and gas lease and that none of the provisions of said lease "are waived or modified or changed in any way whatsoever by this contract, so far as the lease governs the use of the surface rights."

The petition does not contain any allegations concerning what surface rights were granted in the Departmental oil and gas lease, nor does it contain any allegations with reference to waiver, forfeiture, surrender or cancellation of the rights of the defendant under the lease, nor does the plaintiff seek any relief against such lease.

Plaintiff alleged the owner of the surface granted the surface lease and plaintiff must accept the burdens placed upon the land by the owner as well as the benefits. The fact that the surface lease agreement sought to be cancelled states that defendant had the Departmental oil and gas lease and the use of the surface rights under said lease were not waived, conclusively shows that the then owner, plaintiff's predecessor in title, had not nor claimed exclusive rights and possession to the surface.

We therefore conclude and hold the petition of the plaintiff did not state a cause of action. It is the rule of law in this State where the petition of the plaintiff and the exhibits attached thereto, taken as a whole, together with inferences that may be legally drawn therefrom, fail to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, it is not error for the trial court to sustain a demurrer thereto. Davis v. City of Okmulgee, 174 Okl. 429, 50 P.2d 315; State ex rel. Baldwin v. City of Shawnee, 158 Okl. 173, 13 P.2d 89, and MacInnis v. Perram, 103 Okl. 15, 229 P. 168.

The order of the trial court sustaining the demurrer and dismissing the action is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD and JACKSON, JJ., concur.