## Louser *v.* Light, Appellant.

*Sheriff's sale—Misdescription—Advertisement—Inadequacy of price—Offer to increase bid.*

Where a plaintiff in an execution purchases property at sheriff's sale, and exceptions are filed to the confirmation of the sale on the ground of an alleged omission in the advertisement and inadequacy of price, the sale will not be set aside if the plaintiffs offer an additional credit on their judgment in an amount sufficient to make their bid exceed the bid of the exceptant.

Argued Feb. 17, 1902. Appeal, No. 225, Jan. T., 1901, by defendant, from order of C. P. Lebanon Co., March T., 1901, No. 91, confirming sheriff's sale in case of Jacob E. Louser and Jacob L. Hauer, Executors of John Louser, Deceased, et al., v. Adam B. Light. Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ. Affirmed.

Exceptions to confirmation of sheriff's sale.

*Error assigned* was in confirming sale.

*J. M. Funck*, for appellant.

*John H. Louser*, for appellees.

Per Curiam, May 19, 1902:

The learned judge in his opinion, said: "As to the first exception, we are of opinion that the writ need not be served on the defendant, that all that is necessary is notice of the sale as required by the 4th section of the act of 1705. We presume that the sheriff did his duty and gave notice as required by said section. If he had neglected to give such notice the exceptant would certainly not have withdrawn the eighth exception. The omission of notice in the advertisement of sale of a well, orchard and two cisterns, would not of itself be sufficient reason to set aside the sale. The sheriff in his advertisement follows the description of the premises as contained in the mortgage upon which the property was sold, and in addition thereto fully described the buildings, gives notice of a valuable stone quarry

and a running stream of water. The property was sold for such a grossly inadequate price that perhaps the court might be justified by seizing hold of the slight want of description in connection with inadequacy of price to set aside this sale if it was not for the fact that the plaintiffs offer to allow an additional credit of $7,500 over and above their bid, on their judgment, which is $1,000 more than the exceptant offers to bid at a resale. In the case of Hollister v. Vanderlin, 165 Pa. 250, the lower court under somewhat similar circumstances accepted the offer of the purchasers to give an additional credit on their judgment and confirmed the sale, which action was approved by the Supreme Court."

This is a correct statement of the law, and on it the judgment is affirmed.