## LAYTON v. RHODE ISLAND HOSPITAL TRUST CO.

(Circuit Court of Appeals, Eighth Circuit.   April 15, 1913.)

### No. 3,818.

**1. JUDICIAL SALES (§ 31*)—CONFIRMATION—NECESSITY.**

At a judicial sale the successful bidder buys subject to the approval of the court, and until confirmation he has no vested right in the property, nor is it free from the court's control.

[Ed. Note.—For other cases, see. Judicial Sales, Cent. Dig. §§ 59–67; Dec. Dig. § 31.*]

**2. JUDICIAL SALES (§ 39*)—VACATION—GROSS INADEQUACY OF PRICE—UNFAIRNESS.**

While a judicial sale will not be set aside for mere inadequacy of price, unless it is so gross as to shock the conscience, it will be vacated if great inadequacy is accompanied by slight circumstances of unfairness in the conduct of the successful bidder.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 77; Dec. Dig. § 39.*]

**3. MORTGAGES (§ 529*)—FORECLOSURE—SALE—VACATION.**

A trustee for bondholders, having obtained a foreclosure decree for $67,250 on property worth from $8,000 to $10,000, its solicitors employed a local attorney to attend the sale, without authority to bid for the bondholders. He interested the purchaser, and was retained to bid for him. It was generally known among those who were present that the attorney represented the judgment creditor, but it was not known that he was without authority to bid and use the judgment in payment of the price. In response to an inquiry of one who expected to bid, the attorney said that, if necessary to buy the property, he intended to go as high as $20,000. His agency for the purchaser was not disclosed until his last offer of $2,550 was accepted by the master and the property sold to him. Another bidder would have given more for the property, but, believing his efforts useless as against the judgment creditor, quit before reaching the amount he was prepared to bid. *Held*, that the sale would be vacated for inadequacy of price, coupled with improper conduct of the purchaser's attorney.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1537–1548; Dec. Dig. § 529.*]

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Proceeding by the Rhode Island Hospital Trust Company, as trustee, for the foreclosure of a mortgage. From an order vacating a sale of the property to Walter E. Layton for inadequacy of price, coupled with improper conduct affecting the bidding, he appeals. Affirmed.

Troy Pace, of Harrison, Ark., for appellant.

J. Merrick Moore, of Little Rock, Ark (Moore, Smith & Moore, of Little Rock, Ark., on the brief), for appellee.

Before HOOK and SMITH, Circuit Judges, and VAN VALKENBURGH, District Judge.

HOOK, Circuit Judge.   This is an appeal by a purchaser from an order, on motion of the judgment creditor, vacating a judicial sale

because of inadequacy of price, coupled with improper conduct affecting the bidding.

The appellee, as trustee for bondholders, obtained a decree for $67,250, and the foreclosure of a mortgage and sale of the mortgaged property. Its solicitors, who did not reside in the locality, employed a local attorney to attend the master's sale as its representative. They advised him that the appellee had not obtained authority from the bondholders to bid at the sale, and that he should make no bid in their behalf. Having learned that certain persons would probably offer as much as $2,000, he interested the appellant, he says to secure competition, and was retained to bid for him at the sale. It was generally known among those who were there that he represented the appellee, the judgment creditor; but it was not so known that he was without authority to bid for the property and use the large judgment on the purchase price. In response to an inquiry at the instance of another party who expected to bid, he said that, if necessary to buy the property for the appellee, he intended to go as high as $20,-000. There was a dispute as to this; but the trial court so found on direct, substantial testimony at the oral hearing, and on this appeal we take it as true.

The attorney's agency for the appellant was not disclosed until his last offer at the sale, $2,550, was accepted by the master, and he named him as the purchaser. Before this it was believed he was acting for the appellee. It is significant that the appellant had another representative at the sale. He was the cashier of the bank of which appellant was president, and, though he acted in concert with the attorney, he took no open part. Another bidder would have given more for the property; but, believing his effort useless as against the judgment creditor, he quit before reaching the amount he had in mind. It is agreed that the property was then worth from $8,000 to $10,000. Nothing is better calculated to discourage competition at a judicial sale than the presence of a representative of the creditor, with a large judgment which can be used in purchase, a statement of his intention to bid, if necessary, more than the value of the property, and conduct apparently consistent with the statement. In this case the false declaration had its natural effect. The acts of the attorney as agent of the appellant were inconsistent with his duty as agent of the appellee, and resulted to the detriment of the latter.

[1-3] At a judicial sale, the successful bidder buys subject to the approval of the court. Until confirmation he has no vested right, free from its control. The sale will not be set aside for mere inadequacy of price, unless it is so gross as to shock the conscience; but it will be if great inadequacy is accompanied by slight circumstances of unfairness in his conduct. Ballentyne v. Smith, 205 U. S. 285, 27 Sup. Ct. 527, 51 L. Ed. 803; Graffam v. Burgess, 117 U. S. 180, 6 Sup. Ct. 686, 29 L. Ed. 839; Morrison v. Burnette, 83 C. C. A. 391, 154 Fed. 617. This is the general rule, and its application depends upon the peculiar facts of the cases presented. Moreover, a court of equity possesses a power and discretion, not only for the protection of the rights of the particular parties, but also in the gen-

eral administration of justice, to keep its processes fair and clean, and upon appeal much deference will be shown to its conclusions upon proof of fraudulent conduct.

The order is affirmed.