**WHEELER & MOTTER MERCANTILE CO. v. WRIGHT et al.**

No. 7601—Opinion Filed June 19, 1917.

(166 Pac. 184.)

(Syllabus by the Court.)

**1. Judicial Sales—Setting Aside—Inadequacy of Price.**

A judicial sale will not be set aside for mere inadequacy of price unless it is so great as to shock the conscience. A sale may be set aside for gross inadequacy of price, if accompanied by circumstances showing unfairness in the conduct of the successful bidder,

or any circumstances sufficient to raise a presumption of fraud.

**2. Mortgages—Foreclosure—Inadequacy of Price—Setting Aside Sale.**

City property valued at from $36,000 to $40,000 was sold, at a foreclosure sale in all things regular. W., holding a first mortgage for $42,000, offered the highest bid of $16,000. After the sale, W. filed a claim against the mortgagor, in bankruptcy, for $28,000. On objection to confirmation of sale, and offer to bid $25,000 on resale, made by an unsecured creditor, W. increased his bid to $25,000 by reducing his claim filed against mortgagor. Thereupon objections were overruled and sale confirmed to W. Held, no such gross inadequacy of price, or circumstances sufficient to raise a presumption of fraud, to set aside the sale.

**3. Judicial Sales—Resale—Discretion of Court of Equity.**

A court of equity has a discretion as to ordering or refusing a resale of property sold at judicial sale.

Error from District Court, Oklahoma County; George W. Clark, Judge.

In action to foreclose mortgages executed by Isaac Fleigeltaub, there was a judgment of foreclosure, an order of sale and a purchase by James C. Wright, with objections by Wheeler & Motter Mercantile Company to confirmation of the sale. Objections overruled, and the objector brings error. Affirmed.

Harris, Nowlin & Singleton, for plaintiff in error.

John H. Wright and Clarence J. Blinn, for defendants in error.

OWEN, J. This appeal is prosecuted from an order of the district court, in Oklahoma county, confirming a sheriff's sale, over the objections of the plaintiff in error, of lots 15 and 16, block 51, in Oklahoma City. The original action, in which the order of sale was made, was to foreclose certain mortgages executed by Isaac Fleigeltaub covering this property. Judgment was rendered, foreclosing three mortgages; a first mortgage for approximately $42,000, a second for $12,000, and a third for $6,000. The property was ordered sold and the proceeds applied accordingly. The judgment on the first mortgage was assigned to Wright, the mortgagee in the second mortgage. Wright purchased the property at the sale on a bid of $16,000. Plaintiff in error, an unsecured creditor of the mortgagor, filed its motion, objecting to the confirmation of the sale on the ground that the price was inadequate, alleging that the property was worth at least double the amount of the bid, and offering to bid $25,000 on a resale. Testimony was offered showing the value of the property to be

from $36,000 to $40,000. Prior to the sale the mortgagor was adjudged bankrupt. After the sale, Wright filed his claim with the referee in bankruptcy for $28,000, the balance due under the first mortgage, after deducting the amount of his bid. At the conclusion of the testimony the court permitted Wright, the purchaser, to increase his bid to $25,000, by crediting $9,000 on the claim filed with the referee, overruled the objections to the confirmation, and confirmed the sale to Wright.

The two principal contentions are that the court erred in not sustaining the objections to the confirmation on the inadequacy of the consideration and in permitting Wright to raise his bid by reducing the claim, $9,000.

The purpose of the law is that a judicial sale shall be final, and to insure reliance upon such sales and induce biddings, it is essential that no sale be set aside for trifling reasons, or on account of matters which ought to have been attended to by the complaining party, prior to the sale. A judicial sale will not be set aside for mere inadequacy of price, unless so great as to shock the conscience. One bidding, in good faith, at a public sale has a right to have the property for which he bids struck off to him, if he is the highest and best bidder. If he be free from wrong, he should not be deprived of the benefit of his bid simply because others do not bid, or because the parties interested have done nothing to secure the attendance of those who would be likely to give for the property something near its value. If the creditors make no effort and are willing to take the chances of a general attendance, they have no right to complain that the property did not bring the amount it should have brought. McLain Land Inv. Co. v. Swofford Bros. Dry Goods Co., 11 Okla. 429, 68 Pac. 502; Mining Co. v. Mason, 145 U. S. 349, 12 Sup. Ct. 887, 36 L. Ed. 732; Pollock v. Haigler, 195 Ala. 522, 70 South. 258.

While a judicial sale will not be set aside for mere inadequacy of price, unless it is so gross as to shock the conscience, it will be vacated if great inadequacy is accompanied by slight circumstances of unfairness in the conduct of the successful bidder, or any circumstances sufficient to raise a presumption of fraud. Roger v. Whitman, 56 Wash. 190, 105 Pac. 628, 134 Am. St. Rep. 1105, 21 Ann. Cas. 272; Layton v. Hospital Trust Co., 205 Fed. 276, 125 C. C. A. 263. In the instant case there is no allegation of fraud or unfairness on the part of the successful bidder; no claim of irregularity in the sale, or that the mortgagee did not have the right to purchase.

Plaintiff in error was interested only as a creditor and to the extent that Wright would share, with the other creditors, in the bankruptcy proceedings in proportion to the amount of his deficiency claim against the mortgagor. There is no contention made that the property was of sufficient value to pay the mortgage liens in the original action. The first lien was for something over $42,000, the second, $12,000, and the third, $6,000. Assuming that the property would have brought $25,000, the amount plaintiff in error offered to bid on resale, in reducing the claim filed with the referee, plaintiff in error received all the benefit it would have received had the property sold for $25,000 on a resale.

It is contended the court committed error in permitting the purchaser to increase his bid by crediting the claim with $9,000. It was within the sound discretion of the court to permit this credit. The Supreme Court of Pennsylvania in the case of Louser v. Light, 202 Pa. 582, 52 Atl. 84, in passing on a similar contention, said:

"The property was sold for such a grossly inadequate price that perhaps the court might be justified by seizing hold of the slight want of description in connection with inadequacy of price to set aside this sale if it was not for the fact that the plaintiffs offer to allow an additional credit of $7,500 over and above their bid on their judgment, which is $1,000 more than the exceptant offers to bid at a resale. In the case of Hollister v. Vanderlin, 165 Pa. 250, 30 Atl. 1002, 44 Am. St. Rep. 657, the lower court, under somewhat similar circumstances, accepted the offer of the purchasers to give an additional credit on their judgment, and confirmed the sale, which action was approved by the Supreme Court."

It is also urged that because a petition in bankruptcy was filed against the mortgagor prior to the sale, and a trustee was not appointed until a few days after the sale, no one interested in this estate could bid on the property and protect it from sacrifice sale. This does not present any such irregularity or unavoidable condition as would justify setting aside the sale. The plaintiff in error was a creditor at the time of the sale, and was not prevented from bidding, or securing bidders, so as to compel the purchaser to bid the full amount of the mortgage lien. Neither the mortgagor nor the referee in bankruptcy objected to the confirmation.

The objections were properly overruled. The judgment of the lower court will be affirmed.

All the Justices concur, except KANE, J., absent.