## KENNEDY et al. v. MARTIN.

No. 14417—Opinion Filed Nov. 20, 1923.

Rehearing Denied Feb. 19, 1924.

Application for Second Petition for Rehearing Denied March 11, 1924.

(Syllabus.)

1. **Appeal and Error — Question of Fact —Deposit of Pleading for Filing.**

The question of whether a pleading had been deposited with the clerk for filing presents a question of fact, and the finding of the trial court upon said question will not be reversed, unless said finding is clearly against the weight of the evidence.

2. **Appeal and Error—Discretion of Trial Court—Vacation of Default Judgment.**

An application to vacate a default judgment during the term, not founded upon

statutory grounds, is directed to the sound discretion of the court, and where the court denies said application, the same will not be reversed on appeal, unless it appears that some provisions of the statute had been violated, or the party had been misled by the opposing party, clerk, or trial court.

**3. Same.**

Record examined, and held. it cannot be said that the court abused his discretion in refusing to vacate said judgment.

Error from County Court, Garvin County: J. D. Cofield, Judge.

Acton by J. E. Martin against R. C. Kennedy and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Blanton, Osborn & Curtis, for plaintiffs in error.

Y. E. Taylor and Bowling & Farmer, for defendant in error.

McNEILL, J. The material facts in this controversy are substantially as follows:

The plaintiff commenced this action on May 22, 1922, in the county court of Garvin county to recover judgment in the sum of $750 against the defendant for destroying 75 pecan trees valued at $10 each. On the 2nd day of October, 1922, judgment was rendered against said defendants by default for $750 and costs. On the 11th day of December, 1922, at the same term of court, the defendants filed a motion to set aside said judgment and for grounds stated:

(1) That the defendants were not in default, but on the — day of May, 1922, filed a motion to require the plaintiff to make his petition more definite and certain, which motion was still pending and had never passed on by the court.

(2) That they have a good defense, and set forth their defense.

On the 14th day of December, the plaintiff filed a response to the motion to vacate the said judgment, and denied that any motion to make more definite and certain had ever been filed. This motion came on before the court on said 14th day of December, 1922, and after hearing the evidence, the court denied the motion to vacate the judgment. Thereafter, on the 15th day of December, the defendants filed a motion for a new trial upon the motion to vacate said judgment, and on the 16th day of December said motion for new trial was overruled. Notice of appeal was given, and supersedeas bond executed. On the 23rd day of December, 1922, the defendants filed an amended motion to vacate said judgment. The amended motion was similar to the original motion, set up the fact that the defendants

employed an attorney to represent them before answer day, which said attorney drafted a motion to make more definite and certain, and had sent the same to the clerk's office or ordered the same sent to the office to be filed, and the defendants were relying on said fact to prevent them from being in default. That defendants nor their attorney ever received any notice or court docket that the case was set for trial. The plaintiff filed a motion to strike the amended motion, which was sustained. The defendants have appealed to this court.

Upon the question of whether the defendants' attorney had filed a motion to make more definite and certain, there is no direct evidence that said motion was ever filed or deposited with the clerk of the county court. It was undisputed that the attorney for defendants had prepared said motion and had directed his stenographer to file the same. The stenographer is of the opinion that she had filed the same. No filing mark was ever placed upon said motion, which, of course, would be immaterial, if in fact the same was deposited with the clerk for filing. The attorney for plaintiff testified that he examined the record and found the defendants in default, and went to look for the papers and found they had been receipted for by' H. M. Carr, an attorney. He went to Mr. Carr's office to inquire about the papers and Mr. Carr was absent, and Mr. Henderson, his partner, who had just become Carr's partner, stated he knew nothing about the papers and for him to return some time when the stenographer was there. He returned to the office and found the papers on Mr. Carr's desk, and took them to the court house. There had been no motion filed and none in the papers to be filed, and he took default judgment.

The order of the trial court in denying the motion to vacate the judgment amounted to a finding that no motion to make more definite and certain had been filed. This finding is not clearly against the weight of the evidence. This court in a long line of cases has announced the rule, to wit:

"An application to vacate or modify a judgment during the term is directed to the sound discretion of the court, and will not be reversed on appeal unless it appears that the court has abused its discretion."

This has been the holding of this court for years, and attorneys and litigants are thoroughly familiar with the same. While many of the cases appeal very strongly to the sympathy of this court, and that one reputable attorney should not insist upon a legal advantage because his adversary

has overlooked to file a pleading. This case presents a plea that should appeal very strongly to the trial court, but this court can only review the question of whether the trial court abused its discretion, and unless there is some statutory grounds for vacating the judgment, or the party has been misled by the opposing side, the court, or clerk, the application is addressed to the conscience of the trial court, and not this court. See M., K. & T. Ry. Co. v. Ellis, 53 Okla. 264, 156 Pac. 226; Western Coal & Mining Co. v. Green, 64 Okla. 53, 166 Pac. 154; Pulaski Oil Co. v. Conner, 62 Okla. 211, 162 Pac. 464.

It is further contended that the record disclosed that the county court had no jurisdiction for the reason the action involved the title to real estate. With this we cannot agree. This was an action for damages for destruction of trees growing upon the land. This court in actions for damages for burning of trees has held the same is not an action involving title to real estate, but an action for damages.

For the reasons stated, the judgment is affirmed, and the clerk of this court directed to render judgment on the supersedeas bond.

NICHOLSON, COCHRAN, HARRISON, and MASON, JJ., concur.