**SLYMAN et al. v. STATE ex rel. WAL-LACE, Co. Atty.**

No. 14978—Opinion Filed May 20, 1924.

Rehearing Denied Sept. 16, 1924.

(Syllabus.)

**Judgment—Vacation of Default Judgment.**

When judgment is rendered against a party in his absence and by reason of his default, and he thereupon promptly and in lawful form and manner institutes proceedings to vacate the same, and it is made to appear that he and his attorney have at all times proceeded in good faith and have exercised that degree of care and skill which reasonably prudent persons would ordinarily exercise under all the circumstances, the judgment will be set aside, not as an act of mercy, but as the recognition of a right granted by law and which no court has the right to arbitrarily deny. In determining whether it should vacate a default judgment the court may and often should go further than required under this rule, but less than this it must not do.

Error from District Court, Creek County; Mark L. Bozarth, Judge.

Action by the State, on relation of Tom Wallace, County Attorney, against Ellis Slyman and another. Motion to vacate default judgment denied, and defendants bring error. Reversed and remanded, with instructions to vacate.

Thompson & Smith, for plaintiffs in error.

Tom Wallace, Co. Atty., Wayne H. Lasater, Asst. Co. Atty., and N. F. Gore, Asst. Atty. Gen., for defendant in error.

LYDICK, J. The county attorney of Creek county brought suit in the district court against Joe McSoud, as principal, and Ellis Slyman and M. J. McSoud, as sureties, upon a bond to recover the full penalty thereof in the sum of $5.000. The bond had been given in an injunction suit by the state against the principal to close a business building and was conditioned for the forfeiture of the sum named in the event the principal violated the prohibitory laws therein. The summons, seriously defective in form, was served upon the sureties, but the principal could not be found. The sureties employed a reputable attorney of Bristow who is a member of a reliable law firm there, and in due time and in proper form he filed a motion on their behalf to quash the summons on account of the defects therein. While the motion was pending, and without confessing the same or having the court sustain it or order another summons to issue, and without the knowledge of the attorneys for the defendants, the county attorney had the court clerk issue a second summons and caused same to be served upon these sureties upon the bond. These two defendants were not learned in the law and did not know that their attorney needed to know of the second summons nor that he would have no practical way of learning in proper time of the issuance thereof except by notice from them. Accordingly, the defendants failed to notify their attorney in proper time of the issuance and service of this second summons. In so proceeding it cannot be said that they failed to exercise that degree of care which a reasonably prudent person would ordinarily exercise under the same circumstances. The average intelligent litigant does not know the difference between return day and answer day in the summons and usually believes the latter to be the date set for trial. He believes when he employs an attorney it is advisable for him to await his attorney's orders, and usually that is the advisable course for him to pursue. Having no knowledge of the issuance of the second summons the attorneys for the defendant failed to plead in the time provided in said second summons. An attorney cannot be expected to keep watch over the appearance docket to see what process issues from time to time. He was observing the setting of the motions for hearing as made under the orders of the court. and that discharged his duties in this regard.

Upon the passing of the date fixed therein for answer, and without the cause being set for trial by the court, the county attorney, without the knowledge of the defendants or their attorney, called up the case in open court, introduced some evidence and took judgment by default against the sureties on the bond for the full sum of $5,000. Within a very few days thereafter the defendants and their attorney learned of this default judgment, and thereupon, with due promptness and at the same term of the district court, filed a motion to vacate this default judgment In this motion the attorney for the defendants alleged that the issuance of this second summons, while the motion to quash the first summons was pending, and without an order of the court. was illegal, and also asserted that the evidence introduced to support the default judgment was insufficient as a matter of law. In addition to these two grounds, the defendants sought to show that they had proceeded with that degree of care required

by law, and, therefore, they prayed that the court, in the exercise of its sound judicial discretion. should vacate said judgment and give them an opportunity to defend. The facts stated in this verified motion were not denied. The court overruled the motion to vacate, and the defendants bring the case here on appeal.

Under our views of the law applicable here it is unnecessary for us to pass upon the validity of the second summons or the sufficiency of the evidence offered in support of the default judgment. The purpose of our Code of Civil Procedure is merely to provide throughout the state such a uniform course for the orderly advancement of litigation as will best subserve the ends of justice. These laws are intended to promote and not to evade, to create and not to destroy, the cause of justice. The lawmakers declared 20 days from the date of the service of the summons to be a reasonable time for the defendant to plead in the action, but there is nothing sacred about that exact length of time. The statutory provisions for judgment against the defendant, where he defaults in making and filing his answer within the specified time, are necessary to prevent the wheels of justice from being retarded, so that litigation can be brought to a timely end. Litigants who, through gross neglect, bad faith. or fraud, fail to timely respond to proper summons must usually suffer the full consequences of their default although often gross neglect may be excused on terms when the injustice of the default judgment is excessively great. The court does not favor default judgments unnecessarily thus taken. There can be made no iron-clad rule of law regulating the method and issuance of summons and the time and manner in which the defendant shall plead but what in its general application, if it be strictly followed, will do occasional injustice. It does not logically follow that these occasional injustices must be endured but, quite on the contrary, they must be avoided when possible, and by statute such relief is provided. This equitable right may be as sternly demanded as one founded solely on the letter of the law.

In all cases where it is sought to vacate a default judgment, the court should consider the likelihood of the defaulting judgment debtor recovering if granted a new trial. The court should, on the one hand, weigh the injustice resulting to the defaulting judgment debtor if in fact the default judgment is unjust and is permitted to stand and on the other hand the court should consider the wrong which will be done to the judgment creditor if the default judgment is in fact just and a new trial is granted. The court should consider whether the judgment debtor, on the one hand, or the judgment creditor, on the other, has proceeded in good faith or by sharp, sly, and cunning practice with intent to wrongfully obtain an unfair advantage, for the good or bad faith of the one is as important an element for consideration as is that of the other. This rule applies as well to the sovereign state and its officers as to the private citizens and their attorneys, for first and above all others should the representatives of a democratic government proceed with that degree of fairness which will inspire the respect and confidence of all the people in the fairness of all the officers of the state.

Weighing all these matters in the scales of blinded justice, the court should render that decision which appeals to the conscience of an unbiased chancellor and which produces the greatest justice and the slightest wrong. The lower court has a large discretionary power here, but that discretion is a judicial one and not an arbitrary one, and on appeal its exercise will be carefully reviewed. To reverse the decision of the lower court in such matters it is not necessary to show that the action of the lower court was willful or intentionally wrong, malicious or corrupt. Where a defaulting defendant and his attorney have at all times proceeded in good faith and have exercised that degree of care and skill which reasonably prudent persons would ordinarily exercise under all the circumstances, and where, at the same term of court when the default judgment was rendered, the judgment debtor promptly and lawfully proceeds to vacate the same, the judgment will be set aside, not as an act of mercy, but as the recognition of a right granted by law and which no court has the right to arbitrarily deny. In determining whether it should vacate a default judgment, the court may and often should go further than required under this rule, but less than this it must not do.

The default judgment here is for a large sum inflicted by the bond as a penalty upon these two defendants for an alleged violation of law by their principal and not by them. It is harsh, even at the best, and, if unjust, the wrong done them by permitting it to stand far outweighs the small cost to the state for a trial upon the merits of the case. The county attorney, by a slight consideration for the attorney for the defend-

ants, could easily have avoided this condition.

This default judgment, taken under the circumstances, does not appeal with strong favor to the conscience of the court. Under the rule announced herein as to the absolute right of the defaulting defendant, the default judgment should be vacated.

The judgment of the lower court is, therefore, reversed, and the cause is remanded, with instructions to the lower court to set aside its judgment overruling the motion to vacate the default judgment and to sustain said motion to vacate and to set aside said default judgment and to permit the defendants to plead therein with all the rights they would have upon the answer day fixed in the summons and to otherwise proceed in accordance with law in the trial and disposition of said cause.

JOHNSON, C. J., and BRANSON, WARREN, and GORDON, JJ., concur.