### ARRINGTON et al. v. WALLACE et al.

No. 19508.  Opinion Filed June 3, 1930.

William S. Peters and S. A. Horton, for plaintiffs in error.

J. C. Wright, for defendants in error.

LESTER, V. C. J.  W. Wallace, as plaintiff in the court below, brought suit on a certain promissory note which was duly signed and executed by Sidney M. Morris and Mary B. Morris. This note was secured by a mortgage upon certain real estate. E. L. Arrington and W. S. Peters were made defendants.

Arrington and Peters filed an answer and cross-petition, alleging that various instruments of conveyance between themselves and other parties, who, it was alleged, had an interest in the real estate. They also claimed that they had an interest in mineral rights in said land or a portion thereof.

It further appears that whatever mineral rights Arrington and Peters possessed in said land were quitclaimed by them, and that a retransfer was made to them of said mineral rights subject to the mortgage held by Wallace.

Default judgment was entered against all of the defendants. But said judgment provided:

"The court further finds that by a good and sufficient oil and gas grant Sidney M. Morris and Mary B. Morris, on April 15, 1921, conveyed all the oil and gas and oil and gas rights in and under the southwest quarter of the southeast quarter to defendants Wm. S. Peters and E. L. Arrington, but that said grant is subject to and junior and inferior to plaintiff's mortgage lien, but that said defendants are entitled to have said land offered for sale subject to their oil and gas rights, and if said property should bring a sufficient sum to pay plaintiff's judgment, interest, attorney's fees, and costs, then in that event said defendants are entitled to have said oil and gas rights quieted in them."

Defendants Arrington and Peters filed a motion for new trial, which was by the court overruled, and they prosecute this appeal on the ground that the court committed error in rendering judgment and its refusal to grant a new trial.

In Kennedy v. Martin, 101 Okla. 87, 223 Pac. 652, it is said:

"An application to vacate a default judgment during the term, not founded upon statutory grounds, is directed to the sound discretion of the court, and, where the court denies said application, the same will not be reversed on appeal unless it appears that some provision of the statute had been violated, or the party had been misled by the opposing party, clerk, or trial court."

An examination of the record in this case shows that the court did not abuse its discretion in refusing to set aside the judgment so rendered, and, as herein shown, it protected the defendants Arrington and Peters to the extent of the interest held by them.

The judgment is affirmed.

HUNT, CLARK, HEFNER, and SWINDALL, JJ., concur. MASON, C. J., and RILEY, CULLISON, and ANDREWS, JJ., absent.

Note.—See under (1) 15 R. C. L. p. 720; R. C. L. Perm. Supp. p. 3983. See "Appeal and Error," 4 C. J. §2825, p. 840, n. 33. "Judgments," 34 C. J. §677, p. 429, n. 79.