**HALLIBURTON et al. v. ILLINOIS LIFE INS. CO. et al.**

No. 25471.     Jan. 22, 1935.

Philip Kates, for plaintiffs in error.

Massingale, Duff & Manatt, for defendants in error.

BUSBY, J. This is the second time this case has been presented to this court. On the first occasion the plaintiffs in error attempted to prevent the court of common pleas of Tulsa county from vacating a judgment previously rendered in that court. They sought a writ of prohibition in an original action filed herein. Relief was denied for the reason that an adequate remedy by appeal was available in the event an order vacating the judgment and granting a new trial should be entered in the court below. See Halliburton et al. v. Williams, Judge, 166 Okla. 248, 27 P. (2d) 360.

Subsequent to the decision in Halliburton v. Williams, supra, further proceedings were had in the court of common pleas, resulting ultimately in an order vacating the judgment and reinstating the cause for a new trial. The cause is now presented to us on appeal by the plaintiffs in error, Eulalie V. and Mary Martha Halliburton, minors, through their guardian. The Illinois Life Insurance Company, Abel Davis, and Jake Easton, ancillary receivers of the Illinois Life Insurance Company, and the Central Life Assurance Society (Mutual) of Des Moines, Iowa, a corporation, appear herein as defendants in error.

The controversy as presented on this appeal arises from the following facts as reflected in the record: On October 14, 1931, one Orlando Halliburton fell or jumped from a window on the seventh floor of the Mincks Hotel in the city of Tulsa, receiving injuries which caused his death. He was insured by the Illinois Life Insurance Company, the plaintiffs in error being the beneficiaries under the policy. By the terms of the policy the insurance company was obligated to pay the sum of $2,000 upon the death of the insured from any cause, and an additional $2,000 in the event death should result from bodily injuries caused by "external, violent and accidental means." The insurance company paid the first mentioned $2,000, but denied liability on the accidental feature of the policy on the

theory that the insured committed suicide by jumping from the window.

On the 4th day of October, 1932, plaintiffs in error commenced an action in the court of common pleas of Tulsa county against the Illinois Life Insurance Company to recover $2,000 under the accidental feature of the policy. The insurance company filed a motion to make more definite and certain, which was overruled in part and sustained in part. In the order partially sustaining the motion the court granted leave to file an amended petition within ten days. The record is confusing as to the date on which this order was made. It was either entered on the 19th or 26th day of November, 1932. The amended petition was filed on December 2, 1932, which was within the time allowed, if the order was made on November 26th, but out of time if the order was made on November 19th.

On December 15, 1932, the attorneys for the Illinois Life Insurance Company filed a motion asking the court to abate the action for the alleged reason that a receiver had been appointed by the United States District Court for the Northern District of Illinois. On December 17, 1932, the motion to abate was denied, and the insurance company was granted five days to plead. No pleading was filed. On January 4, 1933, an order was entered setting the cause for trial on January 16, 1933. On that date the plaintiffs appeared and the defendant defaulted in appearance. The case was called for trial, a jury was impaneled, testimony was introduced, a verdict for the plaintiffs was returned by the jury and judgment for $2,000 was rendered on the verdict for the plaintiffs.

Thereafter an execution was issued on the judgment, directed to the sheriff of Tulsa county, who levied upon certain real estate belonging to the defendant, Illinois Life Insurance Company. Before any sale was made under this execution the district court of Tulsa county appointed ancillary receivers to take charge of the property of the Illinois Life Insurance Company within the state of Oklahoma. These ancillary receivers were, on the 28th day of February, 1933, directed by the district court to file and prosecute in the court of common pleas a motion to vacate the judgment therein rendered and to recall the execution issued thereon. Accordingly, the receivers filed such motion on February 28, 1933. The record does not disclose that the

receivers were first granted leave of court to intervene. However, the plaintiffs' motion to strike the motion of the receivers, which was filed on the 4th day of March, 1933, did not raise any question as to the propriety of their appearance in the case, nor was any objection made at the time the hearing on the motion was commenced, on March 6, 1933. The plaintiffs in error now say that the receivers had no standing in court, since they did not obtain formal leave to intervene. Had a timely objection to their appearance been made, the contention would be well taken, since "the receiver does not by virtue of his appointment as such become substituted as a party, but is a stranger to the action until he is substituted by an order of the court wherein the action is pending." Savoy Oil Co. v. Emery, 137 Okla. 67, 277 P. 1029.

See, also, Mercantile Trust Company v. Pittsburg & W. R. Co., 29 Fed. 732.

However, by their failure to make a timely objection, plaintiffs in error waived their right to complain about the informal manner in which the receivers entered the litigation. They treated the receivers as parties to the litigation, resisted their application to vacate the judgment on other grounds, and even asked for affirmative relief in the form of a penalty for filing an alleged frivolous motion.

The propriety of applying the principle of waiver to such a course of conduct was recognized by this court in the case of Garner et al. v. Riddle, 140 Okla. 70, 282 P. 319, wherein we said in syllabus one:

"Where a petition of intervention is filed in a cause without objection on behalf of the parties against whom the relief is sought, and thereafter an answer to said plea of intervention is filed, asking affirmative relief against the interpleader by the parties against whom the plea of intervention is directed, and said parties go to trial without any objection, the question of whether or not a plea of intervention is proper is thereby waived, and cannot be presented for the first time in this court on appeal."

Having decided that the receivers were properly before the trial court for the purpose of seeking a vacation of the judgment rendered against the insurance company, we proceed to a consideration of the other questions involved in this appeal.

It will be noted that the motion to vacate the judgment was filed in the same term that the judgment was rendered. The power of the trial court to act on such a motion was not dependent on statutory grounds, but, on the contrary, involved the power of a court to control its judgment during term. Such a motion is addressed to the sound judicial discretion of the trial court, and its ruling thereon should not be disturbed unless an abuse of discretion appears. Slyman et al. v. State ex rel. Wallace, 102 Okla. 241, 228 P. 979; Kennedy et al. v. Martin, 101 Okla. 87, 223 P. 652; Arrington et al. v. Wallace, 143 Okla. 286, 288 P. 986.

It is apparent from the record that it was originally the intention of the Illinois Life Insurance Company to contest liability on the double indemnity feature of the policy issued by it on the theory that the deceased committed suicide. Since this case was before this court on the previous occasion (Halliburton v. Williams, supra), the defendants in error have made a colorable showing in the trial court that some evidence exists and is available to the effect that the insured's death was suicidal, rather than accidental. Whether this evidence would be convincing to a jury is, of course, another question. Indeed it seems to have been unsuccessfully used in defense of a similar liability on another insurance policy covering the life of the same deceased. Equitable Life Assur. Society of U. S. v. Halliburton, 67 Fed. (2d) 854. But, as was held by the Circuit Court of Appeals in that case, it was sufficient to present an issue of fact for the consideration of the jury.

It is likewise reasonably apparent that the failure of the insurance company to appear and present its defense at the proper time was due to the confusion in the affairs of the company occasioned by the appointment of a receiver in Illinois. The purpose of the law is to give any litigant the opportunity to present his claim or defense on its merits. Consequently, when by excusable oversight that opportunity is lost by a default judgment and an application is made during term to vacate the judgment, courts generally favor opening or vacating the same. Slyman et al. v. State ex rel. Wallace, supra.

In so far as the order of the trial court vacating the judgment is effective to grant an opportunity to defend on the merits, it is in accord with the principles of justice and a proper exercise of the judicial discretion of the trial court.

However, there is another feature of this case which is overlooked in the order of the trial court and which requires a modification and change in form of the order made.

While the law favors the trial of cases on their merits, it likewise favors the diligent prosecution of claims in order that the administration of justice may be as speedy as possible. The plaintiffs in this case pressed their claim with a degree of diligence sanctioned and favored by the law. It does not appear from the record that they took any unfair advantage of their adversary. By reducing their claim to judgment, causing an execution to be issued and a levy to be made on real estate belonging to the defendant, they obtained a valuable lien which seems to insure, to the extent of the value of the property seized, the ultimate collection of their claim. The proper treatment of this acquired interest in property is extremely important in this case in view of the present insolvent condition of the Illinois Life Insurance Company.

The unconditional vacation of the judgment as ordered by the lower court would, if permitted to stand unmodified, destroy this lien and render any judgment hereafter obtained by the plaintiffs of very doubtful value. The property could not again be levied on, since it has been subsequently purchased by the defendant in error (intervener in the court below) Central Life Assurance Society of Des Moines.

As was said in the case of Tierney v. Helvetia Swiss Fire Ins. Co., 110 N. Y. Supp. 613:

"The result of an affirmance of the order would be to arbitrarily take from the plaintiff—who has been guilty of no wrong—a valuable right which he has acquired as a result of diligence, and would constitute an abuse of discretion which we cannot sanction. The order must be modified so as to provide * * * that the judgment stand as security for any judgment which may be recovered by the plaintiff upon a trial upon the merits, and that all proceedings in the judgment creditor's action be stayed until the final determination of this action."

The authority of a court to impose conditions for the protection of a judgment creditor when a default judgment is opened or vacated may arise either from statute or from the general powers of a court independent of any statute. Mott v. Union Bank, 38 N. Y. 18; Griswold Linseed Oil Co. v. Lee, 1 S. D. 531; See, also, copious annotation on the subject in 41 L. R. A. 222.

Section 561, O. S. 1931, provides:

"The party seeking to vacate or modify a judgment or order may obtain an order suspending proceedings on the whole or part thereof; which order may be granted by the court, or any judge thereof, upon its being rendered probable, by affidavit, or by exhibition of the record, that the party is entitled to have such judgment or order vacated or modified. On the granting of any such order, the court, or judge, may require the party obtaining any such order to enter into an undertaking to the adverse party to pay all damages that may be caused by granting of the same."

While the proceeding before us concerns the power of a court to vacate a judgment pursuant to a motion filed within term, and is therefore not dependent upon the above statute, the statute quoted is declarative of the public policy of this state and provides one of the methods by which the judgment creditor may be protected.

Similarly, this court in the case of Pettis v. Johnston, 78 Okla. 277, 190 P. 681, said in syllabus 15:

"A court of equity may impose such conditions to the granting of relief against a judgment not void on its face as appear equitable under the circumstances of each particular case, and also as provided for by section 5272, Rev. Laws 1910. (See paragraph 5, opinion.)"

Thus the policy of protecting judgment creditors by imposing conditions in proper cases when a default judgment is opened or vacated, has received both legislative and judicial approval in this jurisdiction.

In this case two methods of protecting plaintiffs' rights are available and not inconsistent with permitting the defendants in error to present the merits of their defense to plaintiffs' claim: First, the judgment may be opened, as distinguished from vacated, to permit the defendants in error to present their defense, at the same time preserving the original judgment, execution and lien secured thereby to stand for the purpose of securing the payment of any judgment which the plaintiffs in error may subsequently obtain. Tierney v. Helvetia Swiss Fire Ins. Co., supra; Anonymous, 6 Cow. (N. Y.) 390; Wilson v. White, 7 Cow. (N. Y.) 477; Mott v. Union Bank, 38 N. Y. 18. Second, the court may require, as a condition to vacating the judgment, a bond to secure the payment of the amount of any future judgment which plaintiffs may obtain, said bond not to exceed in amount the value of the lands upon which plaintiffs' judgment attached as a lien, and upon which execution has been heretofore entered. Bancroft's Practice, p. 2483; H. C.

Behrens Lumber Co. v. Lager et al. (S. D.) 128 N. W. 698; Caponigri v. Cooper, 74 N. Y. Supp. 1116; Halter v. Spokane-Soap Works Co. (Wash.) 42 P. 126.

In this case the trial court is directed to modify its order to protect the plaintiffs by one of the methods suggested above, and, as so modified, the decision of the trial court will be affirmed.

McNEILL, C. J., and RILEY, BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur. OSBORN, V. C. J., and WELCH, J,. dissent.