**WELBORN et al. v. WHITNEY et al.**

No. 26652. Oct. 27, 1936.

Rehearing Denied Nov. 24, 1936.

Application for Leave to File Second Petition for Rehearing Denied March 16, 1937.

Welch & Harrison (Hal Welch, on the brief), for plaintiffs in error.

Louis A. Ledbetter, Bat Shunatona, E. Moore, C. F. Green (C. F. Green, E. Moore, John T. Dickerson, Geo. W. Cunningham, and F. C. Love, on the brief), for defendants in error.

PER CURIAM: This appeal presents error from the district court of Coal county. The parties occupy the same positions here as in the trial court and will be referred to as plaintiffs and defendants. Originally the action was one in ejectment and for quieting title and damages. After filing the action the plaintiffs changed their attorneys three times. Defendants sought to settle and compromise the matter and neglected to file any pleadings in the action. This they claim was by reason of an understanding and agreement which they had with the first and second counsel for the plaintiffs whereby judgment would not be taken without notice and an opportunity to defend should the ef-

fort at settlement fail. Plaintiffs employed other counsel who were not informed of the previous agreements and knew nothing of the understanding, and who, finding that the defendants had been previously served with summons and were in default for approximately four months, had the cause set down for trial and the defendants adjudged in default and judgment rendered for the plaintiffs. This judgment was rendered on January 12, 1935, and on the 19th day of January, 1935, and within the term at which judgment was entered, the defendants filed a petition seeking the vacation of said judgment, and subsequently filed an amended petition to the same effect. Two of the defendants tendered an answer to the petition, which answer was in the nature of a general denial. Plaintiffs replied thereto, and upon the pleadings thus filed the matter was heard by the court on April 25, 1935, at which time all the interested parties were present in person or represented by counsel. After the court had heard the evidence of the respective parties it vacated the judgment of January 12, 1935, and directed that the cause be reinstated on the trial docket. The plaintiffs appeal. While the plaintiffs assign five specifications of error, they are all presented under two propositions which may be summarized as (a) the evidence did not show unavoidable casualty or misfortune, and (b) the tendered answer failed to state a defense and the proof shows no valid or meritorious defenses to the plaintiffs' original action.

In excellent and well-written briefs the plaintiffs ably defend their contentions on the theory of the necessity of compliance with the statutory requirements contained in sections 556 and 560, O. S. 1931, and cite us to Upton v. Shipley, 170 Okla. 422, 40 P. (2d) 1048; Western Coal & Mining Co. v. Green, 64 Okla. 53, 166 P. 154; McLaughlin v. Nettleton, 69 Okla. 74, 183 P. 416; Olentine v. Alberty, 82 Okla. 9, 198 P. 296; Wagner v. Lucas, 79 Okla. 231, 193 P. 421; Forest v. Appelget, 55 Okla. 515, 154 P. 1129; Crosbie v. Absher, 174 Okla. 593, 51 P. (2d) 970, and Oklahoma Ry. Co. v. Holt, 161 Okla. 165, 17 P. (2d) 955, as sustaining their position. If the right of the defendants herein is to be construed strictly in accordance with the statutory provisions relative to the vacation of judgments and orders, then there would be much merit in what the plaintiffs have said and the cited authorities would be of controlling force. However, the mere fact that the defendants undertook to proceed by petition in the district court does not change the nature of the proceeding. As we have heretofore said in Lane v. O'Brien, 173 Okla. 475, 49 P. (2d) 171:

"A petition to vacate judgment filed within the term in which the judgment is rendered will be treated and considered as a motion to vacate such judgment."

The parties so treated the proceeding in the trial court and agree that it should be so considered here. We will therefore proceed to a consideration of the fundamental questions involved. In the recent case of Nichols v. Bonaparte, 171 Okla. 234, 42 P. (2d) 866, we said:

"The rule has long been recognized that a trial court has a wide and extended discretion in modifying, vacating, or setting aside orders, judgments, or decrees made, rendered, and entered in its own court, when it does so at the same term at which such order, decree, or judgment was had."

In the earlier case of Hogan v. Bailey, 27 Okla. 15, 110 P. 890, we said:

"The rule obtaining in all courts of general jurisdiction except where restricted by some statute is that during the whole term at which a judgment or order is rendered it remains subject to the plenary control of the court, and where the administration of justice will be conserved thereby, it may be vacated and set aside, modified, or annulled. This power over the judgments and orders of such a court is not dependent upon any statute, but is inherent in the court itself. See 23 Cyc. 901, 902, and cases cited. This general rule is stated by the Supreme Court of Kansas in the case of State ex rel. v. Sowders, 42 Kan. 312, 22 P. 425, as follows:

"'For the purpose of administering justice, the district court has a very wide and extended discretion in opening up judgments, and in setting aside or modifying proceedings had before it, if it does so at the same term at which the judgment or proceedings are had, and if all the parties are present in the court and no advantage is taken of either party.'"

In proceedings instituted after the expiration of the term, we have as definitely applied a different rule. As we said in McAdams v. Latham, 21 Okla. 511, 96 P. 584:

"The trial courts, after judgments or decrees or orders have once become final, and the term at which the same was rendered or entered has expired, should be very slow to vacate such judgments, decrees, or orders, especially when the party seeking such action has failed to avail himself of the right to have such action reviewed by the appellate court. Such judgments, decrees, or orders should never be vacated, except where the party seeking such vacation has complied

substantially with the provisions of the law provided for the same."

The cases cited by the plaintiffs all come within the spirit and letter of the above rule. The evidence of the defendants, while wholly insufficient to establish any unavoidable casualty or misfortune which prevented them from defending in this action, was sufficient to show that the negligence and oversight on their part was in manner understandable and excusable. While counsel who procured the judgment for the plaintiffs was in no manner culpable and was justified in the action which he pursued, it is likewise apparent that his clients did not fully inform him with respect to what had previously transpired in the case. It is also apparent that by reason of negotiations which the defendants had had with former counsel of the plaintiffs and certain statements made by such counsel, and which during their employment were religiously observed, in a sense the defendants were lulled into a feeling of security. However unjustified this may have been as a matter of law, the court could perceive the same was relied upon as a matter of fact, and the defendants were thus induced to neglect taking any defense measures or filing any pleadings. As we have said, this would in no sense be an unavoidable casualty or misfortune, but it would, in our opinion, under the circumstances, constitute excusable negligence, and the rule applicable would be that announced by us in Halliburton v. Illinois Life Ins. Co., 170 Okla. 360, 40 P. (2d) 1086, wherein we said:

"Such a motion is addressed to the sound judicial discretion of the trial court, and its ruling thereon should not be disturbed unless an abuse of discretion appears. Slyman v. State ex rel. Wallace, 102 Okla. 241, 228 P. 979; Kennedy v. Martin, 101 Okla. 87, 223 P. 652; Arrington v. Wallace, 143 Okla. 286, 288 P. 986. * * *

"The purpose of the law is to give any litigant the opportunity to present his claim or defense on its merits. Consequently, when by excusable oversight that opportunity is lost by a default judgment and an application is made during term to vacate the judgment, courts generally favor opening or vacating the same. Slyman v. State ex rel. Wallace, supra.

"In so far as the order of the trial court vacating the judgment is effective to grant an opportunity to defend on the merits, it is in accord with the principles of justice and a proper exercise of the judicial discretion of the trial court."

The action of the plaintiffs was one in ejectment. In such case a general denial constitutes a sufficient answer. Section 593, O. S. 1931. The other collateral matters discussed by the parties in their respective briefs have no proper place in this appeal, but will doubtless be given due consideration by the trial court when presented to it.

After a careful reading of the entire record, we are of the opinion that no abuse of discretion on the part of the trial court has been shown, but that, on the contrary, it appears that the judgment of said court is in accord with the principles of right and justice, and that consequently the order and judgment of the trial court should not be disturbed.

Judgment affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur. BAYLESS, J., dissents. RILEY, WELCH, and CORN, JJ., absent.