## COOPER v. STATE ex rel. COM'RS OF THE LAND OFFICE et al.

No. 26481.    Dec. 22, 1936.

John C. Powell, for plaintiff in error.

Orlando F. Sweet and Everett H. Welborn, for defendants in error.

PER CURIAM. This appeal is prosecuted by Z. T. Cooper from an order of the district court of Garvin county, which order vacated a prior order of said court confirming sheriff's sale.

The controversy as presented by the appeal is the out-growth of a foreclosure action which was instituted in the district court of Garvin county by the state of Oklahoma on the relation of the Commissioners of the Land Office, as plaintiff, against Ida Isabelle Deal and Frank Deal, as defendants. The plaintiff in said action sought a personal judgment against the defendants and the foreclosure of a real estate mortgage, which covered approximately 80 acres of land in Murray county and 20 acres of land in Garvin county. On January 14, 1932, plaintiff had judgment in accordance with the prayer of its petition. Thereafter, on September 3, 1932, the plaintiff caused orders of sale and special execution to issue out of the office of the court clerk of Garvin county to the sheriffs of Garvin and Murray counties, directing them to levy upon, advertise, offer for sale and sell the specified tracts of land lying and situated in their respective counties. On October 1, 1932, after the notices of sale had been published for four weeks in newspapers in Garvin and Murray counties, the plaintiff in foreclosure entered into an agreement with the defendants whereby the orders of sale were to be recalled, withdrawn and the sales in both counties stopped. The sheriff of Garvin county acknowledged receipt of instructions to this effect and returned the order of sale which he had received. The sheriff of Murray county, however, either did not receive his instructions from the execution creditor or else overlooked them. In any event, on October 10, 1932, he proceeded to sell at public vendue 80 acres of land located in his county. The

plaintiff in error was the successful bidder, his final offer of $400 being the highest sum bid. Return of the sale thus had was made to the court on October 11, 1932, and on the following day the plaintiff in error filed a motion to confirm such sale, of which it appears that the plaintiff and defendants in execution had no actual knowledge or information; subsequently, on October 22, 1932, no objections having been filed to said motion and the proceedings appearing to be regular, the court proceeded to confirm the aforesaid sale. Sheriff's deed was promptly issued. Defendants were advised of what had taken place and immediately in company with their attorneys called upon the plaintiff in error and apprised him of the agreement which had been made between the parties and sought to prevail upon him to refrain from recording the sheriff's deed which he had obtained, but wholly without avail. Thereupon, on October 25, 1932, the defendants in execution filed in said cause their application to vacate and set aside the prior order of the court confirming such sheriff's sale, setting up the agreement which had been had with the execution creditors, the proceedings thereunder and lack of notice of the proceedings leading up to the order of confirmation, and the claim that the bid of the plaintiff in error was grossly disproportionate to the real value of the property and so inadequate as to shock the conscience of the court and was made under circumstances amounting to bad faith. To this the plaintiff in error filed motion to strike and then a special and general demurrer. The State of Oklahoma ex rel. Commissioners of the Land Office was upon application permitted to file a motion in intervention wherein it alleged substantially the same facts previously alleged by the defendants in execution and likewise sought a vacation of the prior order of the court confirming the purported sheriff's sale. Plaintiff in error then answered, wherein after general denial he averred that he had acted in good faith in the transaction and denied that the sum bid by him was disproportionate to the real value of the property and denied that the parties to the original action had entered into any agreement to recall the order of sale, and asserted that if they had that he had no knowledge thereof and was not bound thereby and was an innocent purchaser and was within the protection of the law as such. Defendants in execution by leave of court amended their application and filed a reply to the answer of the plaintiff in error. Motion to strike and special demurrer interposed by the plaintiff in error to the amended application were successively overruled and denied. Thereupon, by agreement answers on the part of the plaintiff in error were filed instanter. The parties interested being present and represented, the court thereupon proceeded to hear them fully upon their respective contentions. The evidence adduced at this hearing established substantially the following state of facts: That the parties, plaintiff and defendant in the original action, intended to and thought they had recalled the orders of sale which had been issued both to Garvin and Murray counties; that the contemplated sale in Garvin county was actually recalled; that a letter was written by the attorney for the creditor in execution to the publisher of the paper in Murray county, in which the sheriff's notice of sale was being advertised, which letter advised said publisher that it had been agreed to withdraw the sale; and further that Mr. Deal would call in a few days and pay for the publication and that in such case the proof of publication should not be made or filed. It further appears that Mr. Deal did not call and make payment of the publication fee before the sale date named in the notice and that the publisher thereupon proceeded to make his usual proof of publication and filed it. The publisher could not recall whether he ever imparted the information which he had thus received to the sheriff of Murray county. The under-sheriff of Murray county testified that he had handled the correspondence of the sheriff's office, and that he had never received the letter which he was supposed to have had from the attorney for the creditors in execution. The evidence further shows that a short time prior to the sale which is involved here the sheriff of Murray county had another sale wherein the state of Oklahoma on the relation of the Commissioners of the Land Office was plaintiff, and that the county attorney of Murray county appeared for the plaintiff in said cause and bid in the property in the name of the plaintiff therein; that the county attorney upon being advised by the sheriff of the fact that he had an order to sell the property herein involved, expressed some doubt as to whether he had any instructions in the matter and returned to his office to make certain, and that upon finding that he had no instructions, instead of calling the attorney for the Commissioners of the Land Office and obtaining advice as to the situation, returned to the sheriff's office and placed an individual bid on the property; that in the meantime the county judge of Murray county had observed the situation prevailing and informed the plaintiff in error who at the time was county as-

sessor of said county, of the sale and the apparent situation, and that thereupon the plaintiff in error became a participant in the proceedings bidding against the county attorney and another party and finally placing a bid of $400, which was accepted by the sheriff; that he immediately retained an attorney to represent him in the transaction, gave the sheriff his check for the amount of his bid, which check apparently has never been cashed, but is held by the sheriff pending the outcome of this and other litigation. The evidence further shows that there was approximately $900 in back taxes due on the property, and the evidence offered by the plaintiff and defendants in execution, and which was not contradicted, established the value of the property at approximately $6,000. Upon conclusion of the hearing, the court found, inter alia:

"The court finding from the evidence that there was no fraud or undue influence practiced or used at the sale; that the sale was regular and that it was a proper sale, but the court is of the opinion that as a matter of law, the order of sale was withdrawn by agreement of the parties, and the withdrawal was directed by the parties who issued the execution."

The plaintiff in error assigns seven specifications of error and discusses them in his brief under two propositions which may be summarized as: (a) Jurisdiction of the trial court to entertain the proceedings was not properly invoked; (b) the decision is contrary to law and is not sustained by sufficient evidence.

Under the first contention it is urged that the application to vacate the order of confirmation did not comply with the requirements of sections 556, 558, O. S. 1931; that since the proceedings were based on subdivisions 4 and 7 of section 556, supra, it was essential that conformity be had to the requirements of section 558, supra. The application while in the form of a petition was filed within the term in which the order sought to be vacated was entered. As said in Lane v. O'Brien, 173 Okla. 475, 49 P. (2d) 171:

"A petition to vacate judgment filed within the term in which the judgment is rendered will be treated and considered as a motion to vacate such judgment."

Under these circumstances the applicable rule is that announced in Halliburton v. Illinois Life Ins. Co., 170 Okla. 360, 40 P. (2d) 1086, wherein Mr. Justice Busby, speaking for this court, said:

"It will be noted that the motion to vacate the judgment was filed in the same term that the judgment was rendered. The power of the trial court to act on such a motion was not dependent on statutory grounds, but, on the contrary, involved the power of the court to control its judgment during term. Such a motion is addressed to the sound judicial discretion of the trial court, and its ruling thereon should not be disturbed unless an abuse of discretion appears. Slyman v. State ex rel. Wallace, 102 Okla. 241, 228 P. 979; Kennedy v. Martin, 101 Okla. 87, 223 P. 652; Arrington v. Wallace, 143 Okla. 286, 288 P. 986.''

We are of the opinion that the first contention of the plaintiff in error is not well taken, and therefore must be overruled.

This brings us to the decisive question presented by this appeal, which is whether the order of the trial court is in accord with the applicable rules of law and supported by sufficient evidence. Plaintiff in error in his brief in his preliminary statement says that the issues involved herein are much the same as those presented in the case of State ex rel. Commissioners of the Land Office v. Harrower, 167 Okla. 269, 29 P. (2d) 123, but in discussion of the specific question now under consideration, appellant relies chiefly upon the holdings of this court in Oklahoma Farm Mortgage Co. v. Hatcher, 106 Okla. 262, 234 P. 207; McLain Land & Inv. Co. v. Swofford Bros. D. G. Co., 11 Okla. 429, 68 P. 502; Oliver v. Kelly, 162 Okla. 55, 18 P. (2d) 1064.

In State ex rel. v. Harrower, supra, we reviewed extensively the prior decisions of this court with reference to when sheriff's sale should and should not be confirmed, and in a discussion therein of Oklahoma Farm Mort. Co. v. Hatcher, supra, we pointed out the proper construction to be given to the language used therein and held:

"The trial court in exercising its equitable powers is not required to wait until after confirmation to set aside a sale in proper pleadings. Upon equitable grounds the court may refuse to confirm or it may set aside a confirmation of sale after the same has been confirmed."

Much has been said by the respective parties herein regarding the adequacy and inadequacy of the price for which the property in question was bid in by the plaintiff in error, and plaintiff in error also urges that no advance bid was tendered in this case as was done in State ex rel. v. Harrower, supra, and in other instances; however, in the brief of the defendants in error there is set out a copy of a resolution subsequently adopted by the Commissioners of the Land Office authorizing a bid of $3,600 in the event that a resale of the premises should be ordered. **We**

do not take this into consideration and merely mention the same in passing. For reasons that will hereinafter appear, we deem it unnecessary to discuss the question of adequacy or inadequacy of the bid made by plaintiff in error, and for the same reason deem the authorities cited by the plaintiff in error to be without strict application to the facts as presented herein.

As has been said by Mr. Justice Riley, speaking for this court in the case of Miller v. Gray Eagle Oil & Gas Co., 164 Okla. 259, 23 P. (2d) 657:

"These matters, however. are considered irregularities, and as a general rule are cured by the order confirming the sale, when there has been a substantial compliance with the statutes. But in cases where the defendant has had no reasonable opportunity to file and present objections to confirmation, an appeal therefrom is not the only remedy. Promptly filing a motion to vacate and set aside the order is permissible and proper, where, as in the present case, the facts fully justify it. In cases of this nature. the facts are and should be viewed and considered collectively as well as upon some single fact which might be determinative of the issues in the case. For example, the defendant offered to prove that the property, which was sold under the execution sale for $735, consisted of an undivided one-seventh interest in 160 acres of land, and on said land there were 19 producing oil wells, several residences, and a refinery, and that the value of the property at the time of the sale was the sum of $10,000. The court rejected this testimony. It is true that this court has committed itself to the doctrine that inadequacy of price alone will not vitiate a sale of property under execution; but that ru'e is subject to the qualification expressly declared by this court in Frensley v. American National Bank. 129 Okla. 164, 264 P. 188, and Wheeler & Motter Merc. Co. v. Wright, 64 Okla. 97, 166 P. 184, in which it was said:

"' "A sale may be set aside for gross inadequacy of price. if accompanied by circumstances showing unfairness in the conduct of the successful bidder, or any circumstances sufficient to raise a presumption of fraud." Practically the same rule was announced in McLain Land & Inv. Co. v. Swofford Bros. D. G. Co., 11 Okla. 429, 68 P. 502. See. also. Ordway v. Farrow (Vt.) 118 Am. St. Rep. 951, 960; Gray v. McKnight, 75 Okla. 268. 183 P. 489: Winters v. Okla. Portland Cement Co. 65 Okla. 132, 164 P. 965; 15 R. C. L. 761; Clark v. Clark (Mont.) 210 P. 93; Bigelow on Frauds, chap. 6, sec. 2.'

"In the case of Moore v. Miller (Tex. Civ. App.) 155 S. W. 573. the court in discussing this very point said:

"'Where property has been sold at execution sale at a very inadequate price. a court of equity will set the sale aside, where the defendant makes a prompt offer to pay the indebtedness, costs, and interest. * * *'

"' "Certainly, when there is an enormous. inadequacy of price at a sheriff's sale, if there are but slight irregularities or other circumstances attending calculated to prevent the property from bringing something like its reasonable value, it is regarded as unconscientious in the purchaser to hold the property so purchased, and his deed will be canceled."'

"The Missouri Court of Appeals. in Van Graafieland v. Wright, 228 S. W. 465, in discussing this question in terse and unmistakable language, said:

"'We hold that, where property is attempted to be confiscated by legal process, as in this case. the courts owe it to themselves to inquire with some care whether the transaction constitutes an honest attempt to collect a debt. or results from a desire to wrongfully and oppressively use the process of the court to obtain the property of another without adequate consideration. For the reasons we have stated, we have in this case arrived at the latter conclusion, and accordingly affirm the judgment of the circuit court of the city of St. Louis.'"

It must be borne in mind that in the above cases we were discussing the rule in connection with sales which admittedly had been conducted under authority which had not been withdrawn or countermanded. In the case now before us the trial court found that the order of sale under which the sheriff of Murray county acted had been previously withdrawn and countermanded by the execution creditors, and that therefore there was in reality no sale. The plaintiff in error in effect concedes that the execution creditor had agreed to withdraw the orders of sa'e and to recall the executions, and that it had done so as far as the lands in Garvin county were concerned, but urges that it was incumbent upon both. the plaintiff and defendants in execution to proceed further and see that the sale was actually stopped and not held, and that since they fail in this respect, he is entitled to the advantage which he obtained by reason of the sale held without their knowledge and contrary to their intentions and desires. It is apparent that the publisher of the newspaper at Sulphur was notified of the agreement and the withdrawal of the sale. While it is true that he was informed that one of the defendants in execution would call within a few days and pay the publication fee, and in such event proof of publication should not be made and filed, the withdrawal of the sale, however, was not thereby made conditional upon such payment, but merely the

filing of the proof of publication. While the sheriff apparently did not receive the information which had been given to the publisher respecting the withdrawal of the order of sale, this fact alone did not in our opinion add to or detract from the real authority which the sheriff had in the premises. That the sale had been recalled in fact by the execution creditor is not disputed, and we are of the opinion that the failure to convey this information to the sheriff of Murray county could not and did not give him any other or greater authority than he actually had. It will not be disputed that had the judgment been paid prior to the sale, such sale would have been ineffective for all purposes and would have conferred no title. McLiesh v. Ball, 58 Wash. 690, 109 P. 209, 137 A. S. R. 1087. And if the judgment had been otherwise satisfied, the same result would follow. By the action of the parties in the instant case, substantially a like condition was brought about. The plaintiff in error does not stand in the position of an innocent purchaser for value without notice, for the rule of caveat emptor applies with all of its vigor to the purchaser at a sheriff's sale; and since in the case now under consideration it is apparent that the plaintiff and defendants in execution were not guilty of such negligence or laches as would establish a superior equity in favor of the plaintiff in error, we are of the opinion that the rule announced by us in Miller v. Gray Eagle Oil & Gas Co., supra, is more nearly applicable to the situation and should be applied here. This is particularly true since it appears that the plaintiff in error has not actual'y parted with anything and has not changed his position for the worse, and that his check may be readily returned to him and he placed in status quo. From a careful consideration of the record herein it appears that the plaintiff in error seeks an advantage by reason of a sheriff's sale, which was not such in fact, but which was held under an order of sale which had been withdrawn and recalled and which therefore had no potency. The record further discloses that the defendants in error had no notice of the purported sale and return thereof, the motion to confirm and the order of confirmation, and were given no opportunity to object thereto or even to anticipate such action, and that had the trial court sustained such sale under these circumstances, it would have amounted to an abuse of judicial discretion. We are of the opinion, therefore, that upon the peculiar facts shown, the action of the trial court was not only free from error, but was the only proper and correct thing to do under the circumstances and the evidence presented. This being true the finding and order of said court will not be disturbed.

Judgment affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur.